Samuel M. Gold, J.
This is a motion by plaintiffs for a preliminary injunction, restraining defendants from attempting to enforce Local Law No. 57 of the 1968 Local Laws of the City of New York, pending a determination by the court, on the trial of this action, of the validity and constitutionality of said local law.
The action is brought by seven companies engaged in the business of short-time rental and long-term leasing of “ drive yourself ’ ’ automobiles and trucks. Defendants are the City of New York, the Mayor, the Police Commissioner, the Acting Traffic Commissioner, and the Director of the Traffic Summons Control Bureau of the New York City Criminal Court. The relief sought in the complaint is a declaration that Local Law No. 57 of 1968 is unconstitutional and otherwise invalid and that defendants be enjoined from taking any action thereunder and from attempting to enforce its provisions.
The local law herein attacked amends the Administrative Code of the City of New York by providing that every person or entity which rents or leases motor vehicles shall be jointly and severally liable with the customer or lessee for violations of the parking provisions of the Vehicle and Traffic Law and the regulations of the Department of Traffic committed within the city by such customer or lessee. It further provides, however, that the lessor’s liability shall be limited to the payment of such fines as may be imposed by law, and that any fine paid by a lessor may be recovered by the latter from the customer or lessee. The law contains an additional provision to the effect that if, at the time a summons is issued, the registration plate number of the vehicle for which the summons was issued and the address of the lessor had been filed by the lessor with the *367 Traffic Summons Control Bureau, and notice of the issuance of the summons has not been mailed to the filed address within 90 days after such issuance, the lessor shall not be liable under the local law.
The adoption of the local law was recommended in a report by the Committee on City Affairs of the City Council on June 25, 1968. The report states in part that ‘ ‘ This proposed local law, as amended, would make auto lessors jointly and severally liable with the lessees of the vehicle for violation abuses whereby scofflaws may avoid the payment of traffic fines. At present, New York City is losing millions of dollars annually in unpaid parking tickets issued against rented vehicles. Invariably, auto lessors plead in Traffic Court that the customer and not the auto rental firm, is responsible for the traffic tickets. The court traditionally will either lay over such cases, adding to the ever-increasing backlog or else drop the matter as a general practice due to the difficulties in securing personal jurisdiction over the actual violator.”
Plaintiffs contend (1) that the local law violates the due process provisions of the New York State and United States Constitutions in compelling plaintiffs to pay fines for violations of parking laws and regulations not committed by them; (2) that the law violates the equal protection clauses of the State and Federal Constitutions in singling out from among all motor vehicle owners a small class composed of those who rent out or lease their vehicles to others; and (3) that the City Council has no statutory authority to impose parking fines upon owners of cars who do not participate in the commission of the parking violations.
It is well settled, and requires no citation of authorities, that a preliminary injunction should not be granted where the plaintiffs have failed to establish a clear right to the relief sought, particularly if plaintiffs will suffer no irreparable damage pending a trial. The memorandum submitted by plaintiff states that “ plaintiffs do not at this point seek a summary adjudication of the invalidity and unconstitutionality of Local Law No. 57. Some pre-trial discovery will be appropriate, we believe, particularly in connection with the equal protection arguments discussed below ”.
The contention that the local law denies plaintiffs due process in subjecting them to fines for parking violations not committed by them appears to be without merit. Section 388 of the Vehicle and Traffic Law, which with its predecessor sections has been in force for many years, provides that every owner of an automobile shall be liable in damages for death or injury to person *368 or property resulting from the negligent operation or use of the vehicle by any person operating or using it with the express or implied permission of the owner. This section was applied to hold a lessor liable for injuries caused by the operation of the vehicle by the lessee even though the lessor did not participate in the acts which caused the injuries (Irwin v. Klein, 271 N. Y. 477, 483, 484). It is true that the owner’s liability under section 388 is civil and not criminal. No distinction on that ground may validly be drawn, however, in view of the fact that the only liability imposed by Local Law No. 57 is one of a monetary nature, viz., to pay the fines imposed by law for violating ■ parking laws and regulations. Section 155 of the Vehicle and Traffic Law expressly provides that “A traffic infraction is not a crime ’ ’ and that the punishment shall not be deemed penal, in cities with a population of over one million persons. Cases holding that the procedure to be followed in the prosecution of traffic infractions shall be the same as that prescribed for the prosecution of crimes are not in point. It is well settled that violation of a parking statute or regulation in the City of New York is not a crime, and since the local law subjects lessors only to the penalty of a fine, it is difficult to perceive any valid distinction, on the basis of due process, between section 388 and the local law.
As to the claim that the local law denies lessors of automobiles the equal protection of the laws, it has already been observed that plaintiffs themselves, in their memorandum of- law, admit that pretrial discovery will be necessary in connection with this contention. The fact that lessors of automobiles constitute only a small percentage of all car owners does not necessarily establish that the local law is invalid in singling them out for liability for parking violations committed by others. It is sufficient to sustain the validity of a statute that reasonable basis exists for the classification made in the statute. It is not necessary that all persons similarly situated be dealt with and affected. In Railway Express v. New York (336 U. S. 106) a traffic regulation forbidding advertising on vehicles using the streets of New York City, but excepting vehicles bearing advertisement of the products of the vehicle owner, was held not to be invalid as discriminatory. The United States Supreme Court said (p. 110): “ The local authorities may well have concluded that those who advertise their own wares on their trucks do not present the same traffic problem in view of the nature or extent of the advertising which they use. It would take a degree of omniscience which we lack to say that such is not the case. * * * We cannot say that that judgment is not an allowable *369 one. Yet if it is, the classification has relation to the purpose for which it is made and does not contain the kind of discrimination against which the Equal Protection Clause affords protection. * * * It is no requirement of equal protection that all evils of the same genus be eradicated or none at all.” The difficulties in the enforcement' of parking regulations presented by the substantial use of rented cars whose operators pay no attention to those regulations by reason of the fact that their identity is not revealed by the license plates may well have justified the discrimination made by the council between leased or rented cars and other cars where the incentive to disregard the parking regulations would not be as great. It is improbable that a family member, friend or acquaintance permitted to use another’s car would be guilty of the wanton disregard of parking regulations displayed by those renting or leasing a car and knowing that they would not have to respond to a parking summons. The knowledge of the ordinary user of another’s car that the owner who permitted its use would have to respond to a summons and submit to a trial to establish that the violation was not committed by him would in all likelihood be a strong deterrent, absent in the case of one renting or leasing a car. Furthermore, in the case of cars not leased or rented by companies such as the plaintiffs, the operator of the car would generally be a member of the owner’s family or a friend or acquaintance and the permission to use the car would be granted without a formal written contract such as those required in the case of rented and leased cars. In the formal contracts exacted from lessees of rented cars, the owners may adequately protect themselves against fines for parking violations by requiring deposits or surety company bonds or other security. On the other hand, in the case of nonrented cars, the relationship between the owner and the user of the car would be such that no written contract would be made and no provision securing the owner would be feasible by reason thereof. It need not be definitely determined at this time that the local law does not violate the equal protection provisions of the Federal and State Constitutions. It is enough that plaintiffs’ claim that the local law does violate those provisions is not so clear and free from doubt as to warrant the granting of an injunction against the enforcement of the local law prior to a trial.
There remains for consideration plaintiffs’ claim that the local law was beyond the power of the City Council to enact. Section 1642 (subd. [a], par. 2) of the Vehicle and Traffic Law expressly confers upon the legislative body of a city having a population in excess of one million, the power to prohibit, *370 restrict or regulate ‘ ‘ Parking, standing, stopping and backing of vehicles ” and further provides that the local laws, ordinances, etc., accomplishing such prohibition, restriction or regulation “ shall supersede the provisions of this chapter where inconsistent or in conflict ’ ’. Plaintiffs concede that the City Council has the power to enact parking regulations, but contend that it does not have the power to impose liability for fines for violation of such regulations except upon the persons who actually commit the violations. They rely upon the fact that certain provisions of the New York State and New York City parking laws and regulations are worded in such a way as seemingly to impose liability only upon the person parking the vehicle. It is not, however, at all clear that the State intended, in giving the city the right to prohibit, restrict, and regulate parking, to limit the city’s power to impose penalties in violation of the restrictions solely upon the persons participating in the parking of the car. In the light of the provisions of section 388 of the Vehicle and Traffic Law, heretofore discussed, and the provisions of section 1642 (subd. [a], par. 20) of the Vehicle and Traffic Law, which impose a tow-away charge on the owner as well as on the operator of an illegally parked vehicle, it appears to be unlikely that the State Legislature intended to withhold from the City Council the authority to impose fines upon car owners not actually involved in the commission of the parking violation.
The plaintiffs may adequately protect themselves, pending the trial of this action, by requiring their lessees to deposit with them money or other security in an amount deemed necessary. They will suffer no irreparable hardship by reason of the time elapsing prior to the trial. If they so desire, provision may be made in the order to be entered hereon for an early trial.
For the reasons indicated, this motion for a temporary injunction is denied.