Charlotte S. LONGSHORE,
Plaintiff-Appellant,

v.

CITY OF ST. LOUIS,
Defendant-Respondent.

No. 48909.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 23, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Stephen J. Kovac, Asst. City Counselor, St. Louis, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from a verdict against her in a case for the wrongful death of her son. We reverse and remand.

David Longshore, seventeen at the time of his death, was killed when he and his friend, Mark Rathbun, collided with a cable while riding a motorcycle. Rathbun was also killed. The accident occurred sometime between 10 p.m. and 11:30 p.m. The cable was located on property of the City of St. Louis located in St. Louis County and used in conjunction with the City's water plant. Although it was not clearly established by the evidence, Rathbun was apparently driving the motorcycle and Longshore was a passenger.

The site of the accident was near Hog Hollow road in western St. Louis County. Hog Hollow is a two lane road running generally north and south but with substantial curves on both sides of the accident scene. The cable is located 73 feet east of Hog Hollow across an unpaved section of dirt and gravel having the appearance of a rudimentary road. The cable was connected to four posts. The accident occurred in close proximity to the northernmost post at a point where the cable was 43 inches from the ground. Next to this post inserted in the ground was a "No dumping" sign in white, red, and black. Approximately midway between the northernmost post and the next post was a "private road-no trespassing" sign in red, white and black, suspended from the cable. That sign was over the gravel section of the rudimentary road. In close proximity and south of that sign was a white rag tied to the cable. Further to the south attached to the third post was a black and white barricade sign. The cable and posts were unpainted and rusty. Between Hog Hollow and the cable are a set of railroad tracks. The bodies of Rathbun and Longshore were discovered by railroad employees who saw the motorcycle headlight which was

James S. Collins, St. Louis, for plaintiff-appellant.

on. There were no witnesses to the accident.

On the west side of Hog Hollow road is a private asphalt road belonging to the city and utilized to reach the City water plant. This road intersects Hog Hollow slightly to the south of the rudimentary roadway. From the photographs and the testimony of defendant's expert witness it is apparent that a motorcycle could go straight across from the private asphalt road onto the rudimentary road. There was no evidence from which to draw any conclusion as to the direction from which the motorcycle entered the rudimentary road or its speed at the time of the collision. Defendant's expert opined to speeds in the 25 m.p.h. range as a maximum when crossing the railroad tracks after turning in either direction off Hog Hollow road. He did not give a maximum speed crossing the tracks from the private road but testified that at 50 m.p.h. the motorcycle would be airborne. The evidence was in agreement that the signs and rag could be seen with headlights at night from the intersection of the rudimentary road and Hog Hollow and in dispute as to whether the cable itself could be seen.

■ On appeal plaintiff raises four claims of evidentiary error. The most critical deals with evidence adduced throughout the trial that the private asphalt road to the west of Hog Hollow road was utilized frequently for drag racing by motorcycles and automobiles. Plaintiff objected on the grounds of relevancy each time this testimony was elicited until late in the trial. Having had each of the objections overruled it was not necessary for plaintiff to continue her objections when the court's position on the relevancy of the evidence was clearly established. *Taylor v. Kansas City Southern Railway Co.*, 293 S.W.2d 894 (Mo.1956) [3]; *State ex rel. State Highway Commission v. Offutt*, 488 S.W.2d 656 (Mo.1972) [4, 5].

■ Defendant couches relevancy solely on the testimony of Longshore's girl friend (who testified as a defense witness) that she and Longshore went to the area to watch the drag races and had bypassed the cable several times while in the area. All other references to the drag racing were unrelated to Longshore or Rathbun's knowledge of or presence at such racing. The other references to drag racing all preceded the girl friend's testimony. It was unnecessary for the girl friend to refer to the drag racing to establish Longshore's knowledge of the presence of the cable. We can find no basis for the admission of this evidence. It could only serve the purpose of creating the inference that Rathbun and Longshore were in the area of the cable for racing purposes. That was clearly an improper inference in the absence of any evidence that the two young men were racing at the time of the accident. *Wehrkamp v. Watkins Motor Lines, Inc.*, 436 S.W.2d 698 (Mo.1969) [4]. That other persons at other times had utilized the asphalt road for illegal or negligent purposes was completely irrelevant to this lawsuit and the admission of such evidence was prejudicially erroneous.

■ Plaintiff also complains of the testimony of defendant's expert witness that Cycle magazine had reported that the motorcycle involved in the accident could achieve a speed of 104.7 miles per hour in a quarter mile. "While books may be used upon cross-examination in order to test the knowledge of an expert, they are generally inadmissible as evidence of the facts stated therein. This for the reason that such books are hearsay evidence of matters concerning which living witnesses could be called to testify." *Superior Ice and Coal Co. v. Belger Cartage Service Inc.*, 337 S.W.2d 897 (Mo.1968) [6, 7]. The testimony here was elicited on direct examination to establish the facts allegedly stated in the magazine and not to test the knowledge of the expert. Nor was a sufficient foundation laid to bring this magazine within the hearsay exception dealing with trade journals, commercial lists and the like. *Baker v. Atkins*, 258 S.W.2d 16 (Mo.App.1953) [8–12]. There was no showing here that the publication was based upon reliable sources of information or was regularly

prepared for use by the trade. Further the testimony of the expert was not the best evidence of the facts in the magazine and was hearsay of what was contained in the magazine. It was error to admit this testimony.

■ Plaintiff also complains of a plat of the accident scene which was identified and placed into evidence. The complaint is that the plat was misleading in that it failed to show the rudimentary road. We note that the indefinite configuration of that road would make its accurate portrayal on a plat extremely difficult. That aside we find no error in the admission of the exhibit. In view of the various photographs the jury could not have been misled as to the presence of the rudimentary road or its location vis-a-vis the cable, the private asphalt road and Hog Hollow road. The plat gave a coherent picture of the entire area and we find no abuse of discretion in its admission into evidence.

■ Plaintiff's final contention is that the court erred in allowing Longshore's girl friend to testify that within no more than an hour and one-half before the accident Rathbun was smoking marijuana and driving erratically. Such evidence is admissible as to a driver if it is not too remote in time. We do not find it sufficiently remote here to destroy its relevancy. *Hager v. McGlynn,* 518 S.W.2d 173 (Mo.App.1974) [4].

■ Defendant contends that plaintiff failed to make a submissible case because of an absence of evidence that Longshore was unaware of the existence of the cable. The jury was free to ignore the girl friend's testimony that Longshore had been to the scene on prior occasions and actually knew of the cable. It could further have concluded that reasonable people do not drive or allow another to drive a motorcycle into a cable they actually know is there. The question of constructive knowledge depends on resolution of the fact question of whether the cable was visible at a sufficient distance to have allowed avoidance of

the accident. There was sufficient evidence to submit the case to the jury.

Judgment reversed and cause remanded for new trial.

SNYDER and SATZ, JJ., concur.