ANGELA G. ANDERSON, Plaintiff-Appellant, v. JOHN W. GOLDEN, Defendant-Appellee.

Third District   No. 3—95—0738

Opinion filed May 1, 1996.

Michael J. Warner (argued), of Rock Island, for appellant.

Richard M. Batcher (argued), and Jeffrey C. Kull, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

This interlocutory appeal presents the question whether a plaintiff in a medical malpractice action may introduce evidence of an increased risk of future injury caused by a defendant's negligence even though the future injury is not likely to occur. We hold that such evidence may be considered by the jury in its assessment of present damages. Therefore, we reverse the trial court's ruling to the contrary.

The relevant facts are not in dispute. The plaintiff, Angela Anderson, brought suit against the defendant, Dr. John Golden, under a medical malpractice theory. The complaint alleged that in 1990 Golden surgically removed a growth from Anderson's shoulder but failed to have it tested by a pathologist, which testing would have revealed an abnormal condition. The growth recurred in 1992 and was diagnosed as dermatofibrosarcoma protuberans, a cancerous condition that necessitated further surgery. The complaint also alleged that Golden's negligent failure to have the growth tested in 1990 proximately caused the need for later surgery. As a result of Golden's negligence, the complaint sought damages for medical expenses and past and future pain and suffering.

Anderson's expert witnesses are prepared to testify that Golden deviated from the standard of care in failing to have the first growth tested and that this failure necessitated the surgery to remove the

second growth. One expert is also prepared to testify that if Golden had properly treated Anderson in 1990, she would have had a 5% chance of recurrence and a 5% chance of metastasis; because of the delay in proper treatment, however, she now has a 30% to 40% chance of recurrence and a 20% chance of metastasis.

Golden filed a motion *in limine* to bar Anderson from eliciting any testimony regarding future conditions or consequences absent evidence that such conditions or consequences are reasonably certain to occur. The trial court granted the motion, but certified the following question for review:

> "Assuming that a plaintiff in a medical negligence action has established that the negligence of the defendant has to a reasonable degree of certainty caused injury to the plaintiff, may the plaintiff present evidence to a reasonable degree of certainty that the plaintiff is at an increased risk of future harm as a result of the injury she has sustained, even if the increased risk of future harm is less than fifty percent (50%) likely to occur?"

We accepted interlocutory review pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308) and now answer the certified question in the affirmative.

The question whether compensation may be had for an increased risk of future injury, notwithstanding the unlikelihood of the injury's occurrence, has not been definitively addressed in this State. See *De-Pass v. United States*, 721 F.2d 203, 206 (7th. Cir. 1983). Some courts have allowed compensation for such increased risks without explaining their rationale. See, *e.g.*, *Jeffers v. Weinger*, 132 Ill. App. 3d 877, 477 N.E.2d 1270 (1985); *Lindsay v. Appleby*, 91 Ill. App. 3d 705, 414 N.E.2d 885 (1980); *Harp v. Illinois Central Gulf R.R. Co.*, 55 Ill. App. 3d 822, 370 N.E.2d 826 (1977). Others, however, have denied recovery for increased risks based upon the general rule that possible future damages are not compensable absent evidence that the future injury is reasonably certain to occur. See, *e.g.*, *Wehmeier v. UNR Industries, Inc.*, 213 Ill. App. 3d 6, 572 N.E.2d 320 (1991).

Case law from other jurisdictions evinces a trend toward allowing compensation for increased risk of future injury as long as it can be shown to a reasonable degree of certainty that the defendant's wrongdoing created the increased risk. See *Petriello v. Kalman*, 215 Conn. 377, 576 A.2d 474 (1990); *Davis v. Graviss*, 672 S.W.2d 928 (Ky. 1984); *Feist v. Sears, Roebuck & Co.*, 517 P.2d 675 (Or. 1973); *Schwegel v. Goldberg*, 209 Pa. Super. 280, 228 A.2d 405 (1967). These courts have found that the increased risk is itself a present injury which should be as compensable as any other present injury.

We are of the opinion that Illinois should follow this trend. Where

a defendant's negligence causes a plaintiff to suffer a present injury, the plaintiff is entitled to compensation for the full extent of the injury. See *Glassman v. St. Joseph Hospital*, 259 Ill. App. 3d 730, 631 N.E.2d 1186 (1994). If a defendant's negligence places a plaintiff at greater risk of sustaining future injuries than if the negligence had not occurred, we, like the Supreme Court of Connecticut, see "no legitimate reason why [the plaintiff] should not receive present compensation based upon the likelihood of the risk becoming a reality." *Petriello v. Kalman*, 215 Conn. 377, 396, 576 A.2d 474, 483 (1990). Therefore, we hold that a plaintiff who has competent evidence which shows that a defendant has negligently caused her to bear the burden of an increased risk of future injury may present evidence of the increased risk as an element of present damages.

The treatment of an increased risk of future injury as a present injury does not run afoul of the general rule that possible future damages are not compensable absent evidence that such damages are reasonably certain to occur. This rule stems from the principle that damages may not be awarded on the basis of speculation or conjecture. See *Wehmeier v. UNR Industries, Inc.*, 213 Ill. App. 3d 6, 572 N.E.2d 320 (1991). An award of damages for an increased risk of future injury is proper only if it can be shown to a reasonable degree of certainty that the risk was proximately caused by the defendant's negligence. Therefore, there is no element of speculation or conjecture in awarding damages for increased risks.

In the case at bar, Anderson has expert testimony to show that Golden's failure to test the growth removed from her shoulder proximately caused her to suffer an increased risk of a recurrence and metastasis. The jury should be allowed to hear this testimony and to decide whether and to what extent Anderson should be compensated for this increased risk.

For the foregoing reasons, we answer the certified question in the affirmative and therefore reverse the trial court's order *in limine* which barred Anderson from presenting evidence regarding her increased risk of future injury. This cause is remanded to the circuit court of Rock Island County for further proceedings.

Reversed and remanded.

MICHELA and SLATER, JJ., concur.