**Megan SWARTZ, Respondent,**

v.

**GALE WEBB TRANSPORTATION COMPANY, Defendant,**

and

**Christopher Hobbs, Appellant.**

**Megan Swartz, Respondent,**

v.

**Gale Webb Transportation Company, Appellant,**

and

**Christopher Hobbs, Defendant.**

**No. SC 87890, SC 87891.**

Supreme Court of Missouri,
En Banc.

Feb. 27, 2007.

Karl W. Blanchard, Jr., Joplin, Randy P. Scheer, S. Jacob Sappington, Springfield, for appellant.

Eric M. Belk, Springfield, for respondent.

Mark J. Evans, Chad C. Lucas, Kansas City, for Amicus Curiae, Missouri Association of Trial Attorneys.

LAURA DENVIR STITH, Judge.

Gale Webb Transportation Company ("Webb Transportation") and Christopher Hobbs appeal from a judgment awarding Megan Swartz damages for personal injuries sustained in an automobile accident. They argue that the trial court erred in admitting expert testimony that Ms. Swartz's injuries put her at an increased risk of future surgery and other complications because the experts did not also testify that she was reasonably certain to develop these complications. Ms. Swartz argues that an injury that carries the risk of complications is more significant than one that does not include this risk and the expert testimony was, therefore, properly admitted to assist the jury in determining the nature and extent of her present injuries. This Court agrees. The judgment is affirmed.

## I. BACKGROUND

Ms. Swartz was a passenger in a vehicle driven by Mr. Hobbs that was struck by a school bus owned by Webb Transportation. She sued Webb Transportation and Mr. Hobbs for fractures to her pelvis and lower back and other injuries she alleged that she suffered as a result of the accident. At trial, Ms. Swartz presented the deposition testimony of two physicians, Dr. Clyde Parsons III, an orthopedic surgeon, and Dr. Charles Bret Bowling, a family practice physician. Both had treated Ms. Swartz for her accident-related injuries. Dr. Parsons testified that Ms. Swartz suffered from a partial dislocation of a joint in the back part of her pelvis, fractures of multiple pelvic bones, and fractures of the

first and second lumbar vertebral bodies. Dr. Bowling testified that Ms. Swartz also suffered from bulging discs in her lower back.

Neither doctor was able to state that Ms. Swartz was more likely than not to require surgery or develop complications related to taking pain medication in the future. Both doctors testified, however, that she has an increased risk of needing surgery in the future, and Dr. Bowling testified that the pain medication she takes for her back carries with it a risk of gastric, liver and kidney complications. Dr. Parsons further testified that the fracture to her pelvis might also cause her more difficulty in giving birth naturally should she become pregnant, although whether it would do so could not be determined in advance.

The jury found that the defendants were liable for Ms. Swartz's injuries and awarded her $335,000 in damages. It assigned 75 percent of the fault to Webb Transportation and 25 percent of the fault to Mr. Hobbs. Both defendants appealed, alleging that the trial court erred in admitting expert testimony that Ms. Swartz was at an increased risk of requiring back surgery and in refusing a withdrawal instruction directing the jury to disregard the same testimony. In addition, Webb Transportation alleges that the trial court erred in admitting evidence that Ms. Swartz may suffer from complications from use of pain medication and that the fracture to Ms. Swartz's pelvis might make giving birth naturally more difficult should she become pregnant. Webb Transportation also claims that the trial court should have given the jury a withdrawal instruction on the issues of adverse effects of medication and problems with childbirth.

## II. STANDARD OF REVIEW

A trial court's decision whether to admit an expert's testimony and its deter-

mination whether to refuse a withdrawal instruction will not be disturbed on appeal absent an abuse of discretion. *McGuire v. Seltsam*, 138 S.W.3d 718, 720 (Mo. banc 2004); *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 209 (Mo. banc 1991). "A trial court will be found to have abused its discretion when a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *McGuire*, 138 S.W.3d at 720.

## III. EVIDENCE THAT INJURIES CREATED AN INCREASED RISK OF FUTURE COMPLICATIONS WAS ADMISSIBLE

■ Both Dr. Parsons and Dr. Bowling testified in their depositions that, as a result of her injuries, Ms. Swartz was reasonably certain to have an increased risk of needing back surgery in the future. Dr. Parsons testified that she had a "50/50" chance of requiring such future surgery, while Dr. Bowling put her risk of such future surgery at "25 to 50 percent." Dr. Parsons further testified that he tells patients in her position that they "are in a group that now is at a definite increased risk" of surgery but that does not necessarily mean it will happen. On cross-examination, Dr. Parsons agreed that whether Ms. Swartz would require future surgery was "speculation" on his part and could not be stated "with a reasonable degree of medical certainty." If surgery were required, Dr. Parsons testified that it was likely to cost at least $25,000.

Dr. Bowling also testified that Ms. Swartz would have to take anti-inflammatory medications to control the back injury if she did not have surgery and that the daily use of these medications carries with it a "5 percent per year risk of developing an ulcer or gastric bleeding" and, more rarely, the risk of allergic reaction or kidney or liver damage.

All parties agree that the foregoing testimony does not establish to a reasonable degree of medical certainty that Ms. Swartz will need back surgery or will suffer other complications. All parties also agree that under existing Missouri law a plaintiff is only entitled to recover for an injury that has not yet occurred if the injury is reasonably certain to occur in the future. *See, e.g., Seabaugh*, 816 S.W.2d at 210–11 ("The standard for recovering for future consequences requires evidence of such a degree of probability of those future events occurring as to amount to reasonable certainty"); *Breeding v. Dodson Trailer Repair, Inc.*, 679 S.W.2d 281, 283 (Mo. banc 1984) (testimony regarding future damages is incompetent if it lacks "reasonable certainty").

All parties further agree that, according to the experts, Ms. Swartz has at most a 50 percent and at least a 25 percent risk of requiring future surgery and a 5 percent risk of developing complications related to use of anti-inflammatory medications. Under *Seabaugh*, therefore, Ms. Swartz was not entitled to recover the costs of the possible future back surgery or other complications themselves since they are not reasonably certain to occur. But Ms. Swartz did not seek to recover the cost of these potential complications themselves. To the contrary, she simply asked that the jury consider the fact that she must now cope "with not knowing whether she is going to have surgery in the future" and with the possibility of other additional complications arising when it determined how to compensate her for her injuries. The trial court did not err in admitting this evidence for this purpose.

■ It is Missouri's well-settled rule that a plaintiff is entitled to full compensation for past or present injuries that the

plaintiff has shown by a preponderance of the evidence were caused by the defendant. *See* MAI 4.01.[1] In accordance with this basic damage instruction, when an expert testifies to a reasonable degree of certainty that the defendant's conduct placed the plaintiff at an increased risk of suffering possible future consequences, Missouri courts have long held that such testimony is admissible to aid the jury in assessing the extent and value of the plaintiff's present injuries, even if those future consequences are not reasonably certain to occur.

For example, *Emery v. Wal–Mart Stores, Inc.*, 976 S.W.2d 439, 447 (Mo. banc 1998), held that the trial court did not err in admitting a physician's testimony that, to "a reasonable degree of medical certainty," plaintiff *might* need an operation in the future. The doctor explained that plaintiff's herniated disc was operable and that an operation might cure the injury or get rid of some of the pain. *Id.* The doctor further testified, however, that he would hesitate to operate because it would not prevent pain from continuing due to other aspects of plaintiff's back injuries and because any surgery had a slim chance of success. *Id.* He did not, therefore, recommend surgery at that time but would continue to evaluate plaintiff in the future. *Id.* In holding that it was proper to overrule defendant's objection to this testimony, this Court stated:

> At the outset we note it is not improper 'to ask an expert witness if something might, could or would produce a certain result. An expert's view of possibility or probability is often helpful and proper.' [citation omitted]. Here, both experts agreed plaintiff's condition was operable

as it existed at the time of trial. Both agreed surgery would probably help plaintiff, and plaintiff's expert said he would not recommend it at this time, although that possibility was not discounted. *The record indicates the experts' testimony in this case is no more speculative than that in other cases where surgery is possible in the future but has not yet been recommended to the patient.* *Id.* (emphasis added).

As *Emery* noted, many other Missouri cases also have admitted expert testimony of the probability, short of reasonable certainty, that a future surgery may be necessary and of the potential cost of such treatment. For instance, in *Breeding v. Dodson Trailer Repair, Inc.*, 679 S.W.2d 281, 283–84 (Mo. banc 1984), this Court held that testimony regarding future surgery for the treatment of plaintiff's injuries that resulted from defendant's negligence was admissible even though the expert said the likelihood of future surgery was contingent upon the failure of more conservative treatment. This Court further held that, "[i]nasmuch as the jury was entitled to consider the possible need for surgery, the estimated cost was also appropriate for its consideration." *Id.* at 284.

Similarly, *Bynote v. National Super Markets, Inc.*, 891 S.W.2d 117, 125 (Mo. banc 1995), held that testimony about the possible future need for surgery and the estimated costs of that surgery was admissible because "[t]he mere fact that the course of treatment ... recommended depended upon the results of more conservative treatment prior to surgery does not render the evidence of future surgery in-

1.  MAI 4.01 states that if the jury finds in favor of the plaintiff, it must award such sum as it believes will fairly and justly compensate the plaintiff for any damages it believes the plain-

tiff sustained and is reasonably certain to sustain in the future due to the defendant's actions. The trial court gave this instruction to the jury in this case.

admissible speculation and conjecture, or deprive such evidence of its probative value." Earlier, in *Stephens v. Guffey*, 409 S.W.2d 62, 70 (Mo.1966), this Court upheld admission of testimony about the need for future surgery and its attendant costs because such testimony "was related to correction of a condition which ... could be a condition from which plaintiff was suffering as a result of the accident."

Courts of other states also have permitted recovery for the possibility of future injury based on similar testimony. A number of these states, like Missouri, do so by permitting the jury to consider such testimony as an aid in evaluating the extent and nature of a plaintiff's present injury. *Feist v. Sears, Roebuck & Co.*, 267 Or. 402, 517 P.2d 675, 680 (1973), held that testimony about an increased risk of future harm was not sufficient to support an award of future damages for the possible future injury itself and, accordingly, could not be considered by a jury for that purpose. The jury could, however, "properly make a larger award of damages in a case involving a skull fracture of such a nature as to result in a susceptibility to [further harm] than in a case involving a skull fracture of such a nature as not to result in any such danger, risk, or susceptibility." *Id.*[2]

In other states, the courts have set out special standards for recovery of a present risk of future injury, requiring the jury to quantify the percent of risk it finds and to separately award damages for it. *See, e.g., Dillon v. Evanston Hosp.*, 199 Ill.2d 483, 264 Ill.Dec. 653, 771 N.E.2d 357, 370 (2002) ("A plaintiff can obtain compensation for a future injury that is not reasonably certain to occur, but the compensation would reflect the low probability of occurrence"); *Petriello v. Kalman*, 215 Conn. 377, 576 A.2d 474, 484 (1990) ("in a tort action, a plaintiff who has established a breach of duty that was a substantial factor in causing a present injury which has resulted in an increased risk of future harm is entitled to compensation to the extent that the future harm is likely to occur"). This complex approach is not consistent with Missouri's traditional, simple, and easy-to-apply approach of allowing the jury to consider all evidence of past and present injuries, including the increased risk of future injury that those present injuries create, as well as evidence of future injuries that the jury finds are reasonably certain to occur, and to award a single sum of damages for such injuries. *See* MAI 4.01.

Here, as in earlier Missouri cases permitting admission of testimony of possible future consequences, the testimony regarding Ms. Swartz's increased risk of future harm was admissible for purposes of establishing the extent and nature of her injuries. The fact that her back injury carries with it at least a 25 percent chance, and perhaps a 50 percent chance, of re-

---

**2.** *Accord, Anderson v. Golden*, 279 Ill.App.3d 398, 216 Ill.Dec. 209, 664 N.E.2d 1137, 1139–40 (1996) ("a plaintiff who has competent evidence which shows that a defendant has negligently caused her to bear the burden of an increased risk of future injury may present evidence of the increased risk as an element of present damages" and the jury should decide "whether and to what extent" plaintiff should be compensated for the increased risk); *Vitt v. Ryder Truck Rentals, Inc.*, 340 So.2d 962, 965 (Fla.App.1977) ("evidence of future possible conditions and circumstances may be admitted in evaluating a plaintiff's present condition"); *Leenders v. California Hawaiian Sugar Refining Corp., Lim.*, 59 Cal. App.2d 752, 139 P.2d 987, 991 (1943) ("The fact that plaintiff had been physically impaired so as to increase the probability of future infection in the eye was a proper matter to be considered by the jury in determining the extent of his present and permanent injury").

quiring surgery in the future makes it a worse injury than a back injury that has a lesser chance of future complications requiring surgery or that had fully healed by the time of trial. That Ms. Swartz's present injury brings with it this increased risk of future injury "is information the jury should have in the difficult task of trying to give plaintiff's condition a dollar value." *Vitt v. Ryder Truck Rentals, Inc.*, 340 So.2d 962, 965 (Fla.App.1977). Because the testimony of Dr. Parsons and Dr. Bowling was admissible for the purpose of establishing the nature and extent of Ms. Swartz's injuries, the trial court did not abuse its discretion in admitting the testimony or in refusing withdrawal instructions.

For similar reasons, the court did not err in admitting Dr. Bowling's testimony that Ms. Swartz would have to take anti-inflammatory medications to control the back injury if she did not have surgery and that these medications created a risk of gastro-intestinal problems in the future. As with the testimony regarding the possibility of future surgery, the testimony regarding possible adverse effects from medication was admissible to aid the jury in determining the extent of the injuries Ms. Swartz has suffered.

## IV. EVIDENCE REGARDING CHILD-BIRTH PROBLEMS WAS NOT PREJUDICIAL

■ In addition to testifying about the possibility of future back surgery, Dr. Parsons briefly stated at three points in his deposition that Ms. Swartz's fractured pelvis might have some effect on her ability to deliver children naturally. On appeal, Webb Transportation argues that all of this testimony was speculative, that its objection to one of these three pieces of testimony was sufficient to preserve the issue for appeal, and that admission of this

testimony was sufficiently prejudicial as to require reversal and remand for a new trial. This Court disagrees.

■ To preserve an alleged error in admitting evidence for appellate review, a party must make a timely and valid objection and receive an adverse ruling thereon. *State v. Shaw,* 646 S.W.2d 52, 55 (Mo. banc 1983). As Webb Transportation notes, courts have recognized an exception to this rule when testimony on a particular subject is objected to the first time it is offered and the court makes clear that it is rejecting the objection to all evidence of the same type. In such cases, a failure to specifically object to each later piece of similar testimony may be forgiven on the basis that further objection would have been futile. *See, e.g., State ex rel. State Highway Comm'n v. Offutt,* 488 S.W.2d 656, 661 (Mo.1972); *accord, Longshore v. City of St. Louis,* 699 S.W.2d 16, 18 (Mo. App. E.D.1985) (continued objections not necessary where court's position "clearly established").

■ This exception has no application here. Before Dr. Parsons' deposition was offered, Ms. Swartz testified without objection that she had been informed that she might have trouble with natural childbirth. In fact, it was counsel for defendant Hobbs who brought out most of Ms. Swartz's testimony on this subject. Moreover, this is not a situation in which a party's objection to a particular line of questioning was overruled and further objection would have been futile. Dr. Parsons testified by way of deposition. At three points in that deposition he testified about the possibility that the fracture to Ms. Swartz's pelvis might negatively impact her ability to deliver a child because of its effect on the birth canal. All of this testimony was offered at one time, but Webb Transportation objected only to the single portion of

this testimony about which it had filed pre-trial written objections.[3]

 The objected-to testimony stated, in relevant part:

[Plaintiff's attorney]: Basically the issue as to whether or not she's going to be able to have children naturally is something that's undetermined at this point?
A: That's correct.

The portion of Dr. Parsons' testimony not objected to was very similar in nature to this testimony[4] and to the earlier, unobjected-to testimony of Ms. Swartz. "A party cannot be prejudiced by the admission of allegedly inadmissible evidence if the challenged evidence is merely cumulative to other evidence admitted without objection." *In re Estate of Looney*, 975 S.W.2d 508, 514–15 (Mo.App. S.D.1998); *accord Dunn v. St. Louis–San Francisco Ry. Co.*, 621 S.W.2d 245, 252 (Mo. banc 1981) ("The complaining party cannot be prejudiced by the allegedly inadmissible evidence if ... the challenged evidence is merely cumulative to other admitted evidence of like tenor"). Thus, admission of the single objected-to question and answer, and denial of a withdrawal instruction on

the subject, did not prejudice Webb Transportation.

For all the reasons set out above, the judgment is affirmed.

All concur.

---

3. Webb Transportation apparently also filed a motion in limine, but it is not included in the record for this Court's review and, in any event, the filing of a motion in limine preserves nothing unless the matter is also timely raised at trial. *State v. Copeland*, 928 S.W.2d 828, 848 (Mo. banc 1996).

4. The two portions of Dr. Parsons' deposition testimony that came in without objection at the same time as the portion that was objected to were as follows:

[Hobbs' attorney]: And at that point in time, Doctor, is it a fair statement that you referred her to an OB–GYN just to question whether or not she might have problems with—with the birthing process?
A: Correct.
[Hobbs' attorney]: And that doctor essentially said that there's no way for us to know—
A: Correct.

[Hobbs' attorney]: Correct? So whether or not she's going to have any problem with the birthing process at this point is speculation?
A: That's correct.
. . . .
[Webb's attorney]: And what's your understanding of the results of that examination?
A: Basically, like we talked about, there's no way to know, until she's actually pregnant, whether there—whether there will be a concern with—with those—with those fractures. And the way it was explained to me, if she has a small baby, that she might not have any trouble at all with vaginal delivery. And if—if she has a very large baby, then, you know, whether or not she even had the accident, she still may need to have a C-section. So it really, truly is all up in the air.