Edith C. DECK, Appellant,

v.

Delmar TEASLEY, Respondent.

No. SC 90628.

Supreme Court of Missouri,
En Banc.

Oct. 26, 2010.

Jeff Bauer and Steven Garner, Strong–Garner–Bauer PC, James E. Corbett, David T. Tunnell, Matthew W. Corbett, Daniel P. Molloy, Corbett Law Firm PC, Springfield, for Appellant.

M. Sean McGinnis, Jason Coatney, Keck & Austin LLC, Springfield, for Respondent.

PATRICIA BRECKENRIDGE, Judge.

Edith Deck appeals a jury verdict entered in her favor and against Delmar Teasley in a negligence action arising out of an automobile collision. On appeal, Ms. Deck argues the trial court erred in limiting evidence of the value of the medical treatment she received to the amount actually paid for the treatment, rather than the amount she was billed. She argues her evidence, that the value of her medical treatment was the amount billed by her health care providers, was sufficient to rebut the presumption in section 490.715[1] that the dollar amount necessary to satisfy the obligation to her health care providers constituted the value of her medical treatment. She also claims that if section 490.715 permits the trial court to make factual determinations as to damages, the statute violates her right to trial by jury guaranteed by the Missouri Constitution. Ms. Deck further claims the trial court erred by excluding expert testimony regarding the costs of possible future medical treatment on the basis that such costs were speculative. Because the trial court misapplied the law in finding that Ms. Deck did not rebut the statutory presumption and in ruling inadmissible her evidence that the value of the medical treatment she received was the amount she was billed by her health care providers, the portion of the trial court's judgment assessing the amount of Ms. Deck's damages is reversed. Accordingly, the cause is remanded for a new trial on the issue of damages only. In all other respects, the judgment is affirmed.

**Factual and Procedural Background**

In May 2003, Delmar Teasley drove his vehicle into the back of a line of vehicles stopped at a traffic signal, causing the vehicle behind Edith Deck to collide with her vehicle. Ms. Deck sustained injuries in the collision and underwent surgery, physical therapy and follow-up care. Ms. Deck was billed $27,991.30 for her treatment. The amount actually paid for the treatment after adjustments was $9,904.28. Payments were made by Medicare, supplemental insurance and Ms. Deck, with most of the expenses being paid by Medicare.

Ms. Deck filed the present suit against Mr. Teasley, alleging that he was negligent in causing the collision and her resulting injuries. In her petition, Ms. Deck sought damages for past medical expenses. Before trial, Mr. Teasley filed a motion to determine the value of medical treatment rendered pursuant to section 490.715.5. The motion asserted that the dollar amount necessary to satisfy Ms. Deck's obligations to her health care providers was the amount actually paid to those providers.

The legislature amended section 490.715.5 in 2005 to limit the evidence litigants could introduce regarding the value of medical treatment rendered to an injured party. The legislation created a rebuttable presumption that the dollar

---

1. Unless otherwise noted, all statutory references are to RSMo Supp.2009.

amount necessary to satisfy a plaintiff's financial obligation to his or her health care provider constituted the value of the medical treatment rendered. Section 490.715.5(1). The amendment also created a non-exclusive list of factors to be considered in determining the value of medical treatment rendered. Section 490.715.5(2)(a)-(c). In response to Mr. Teasley's motion, Ms. Deck filed suggestions in opposition arguing, *inter alia,* that the amount charged in her medical bills represented the value of her medical treatment.

At a hearing on the motion, three witnesses testified concerning the value of Ms. Deck's treatment. The testimony included an offer of proof by Ms. Deck that the amount billed by a health care provider is a better indicator of the value of the medical treatment rendered than the amount reimbursed by Medicare. At the conclusion of the offer of proof and after hearing the arguments of counsel, the trial court found that the presumption in section 490.715 was not rebutted and determined that the value of medical treatment rendered to Ms. Deck was the amount actually paid for Ms. Deck's medical treatment, together with any amount she still was obligated to pay.

At the jury trial of Ms. Deck's negligence claim, the court precluded Ms. Deck from presenting evidence of unpaid medical expenses she was not obligated to pay and limited her to presenting evidence of her medical expenses that actually were paid or that she still was obligated to pay. During trial, Ms. Deck made an offer of proof regarding the value of her medical expenses, again attempting to rebut the presumption of value under section 490.715. At the conclusion of this offer of proof, the trial court again ruled that Ms. Deck could not present evidence to the jury of her medical bills that had not been paid by her or on her behalf.

At the close of all the evidence, the jury rendered a verdict in favor of Ms. Deck and assessed damages in the amount of $42,500. Ms. Deck appeals. This Court has exclusive jurisdiction of her appeal because she challenges the validity of section 490.715. Mo. Const. art. V, sec. 3.

### Statutory Presumption Rebutted

■ On appeal, Ms. Deck first asserts that the trial court erred in ruling her claim for past medical expenses was limited to the amount actually paid for the treatment she received. She claims she rebutted the presumption in section 490.715.5—that the dollar amount necessary to satisfy the financial obligation to her health care providers constituted the value of her medical treatment—by presenting evidence that the value of her medical treatment was the amount billed rather than the amount paid. Ms. Deck argues that on rebutting the presumption, she was entitled to introduce evidence to the jury of her total medical bills.

■ The statute at issue in this case, section 490.715, codifies the common law collateral source rule and modifies it in certain respects. The common law collateral source rule is an exception to the rule that tort damages are only compensatory. *Smith v. Shaw,* 159 S.W.3d 830, 832 (Mo. banc 2005). Specifically, the rule prevents a tortfeasor from reducing his or her liability to a plaintiff by proving that payments were made to the plaintiff by a collateral source. *Id.* Subsection 2 of section 490.715 permits a defendant who personally has, or by an insurer or representative, paid all or any part of a plaintiff's special damages to introduce evidence that someone other than the plaintiff paid the amount, but the defendant cannot identify any source of the payment. Section 490.715.2. A defendant who elects to introduce such evidence waives the right to a

credit against a judgment as authorized by section 490.710. Section 490.715.3.

Subsection 5 of section 490.715, newly enacted in 2005, governs the admissibility of evidence regarding a specific type of damages, the value of medical treatment rendered to a party. It provides that evidence of the dollar amount necessary to satisfy the financial obligation to health care providers is admissible at trial and creates the rebuttable presumption that such amount represents the value of the medical treatment rendered. On the motion of any party, the court may determine whether other evidence of value is admissible at trial and delineates that the other evidence may include, but is not limited to: the medical bills incurred; the amount actually paid for the medical treatment; or the amount or estimate of the amount not paid that such party is obligated to pay in the event of a recovery. Finally, subsection 5 provides that, no matter what evidence is admissible at trial, that evidence shall not identify any person who paid for the medical treatment. Subsection 5 reads:

(1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.

(2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:

(a) The medical bills incurred by a party;

(b) The amount actually paid for medical treatment rendered to a party;

(c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Section 490.715.

■■■ The rebuttable presumption created by section 490.715.5 is that the dollar amount paid to satisfy the financial obligation to the health care providers is the value of the medical treatment rendered. The effect of that presumption is governed by the general law of presumptions. A presumption places the burden of producing substantial evidence to rebut the presumed fact on the party against whom the presumption operates. *Terminal Warehouses of St. Joseph, Inc. v. Reiners*, 371 S.W.2d 311, 316 (Mo.1963). When substantial evidence is produced rebutting the presumed fact, the case is decided on the basis of the evidence as if no presumption existed. *Duff v. St. Louis Mining & Milling Corp.*, 363 Mo. 944, 255 S.W.2d 792, 793–94 (1953). In other words, when a presumption is rebutted, it disappears from the case and the fact-finder receives the issue free from any presumption. *Reiners*, 371 S.W.2d at 316. However, the facts that gave rise to the presumption remain in the case and along with the facts to the contrary, are considered by the fact-finder like any other evidence. *Id.* at 316–17 (citing *Michler v. Krey Packing Co.*, 363 Mo. 707, 253 S.W.2d 136, 140 (1952)).

■■■ To decide whether a presumption is rebutted, "[t]he trial judge need only determine that the evidence introduced in rebuttal is sufficient to support a finding contrary to the presumed fact." 2 McCor-

MICK ON EVIDENCE § 344 (Kenneth S. Broun et al. eds., 6th ed.2006). In Missouri, the quantum of proof generally required to rebut a presumption is "substantial evidence." *See Reiners,* 371 S.W.2d at 316; *see also Wills v. Townes Cadillac–Oldsmobile,* 490 S.W.2d 257, 260 (Mo.1973). In the context of presumptions, this Court has held that "substantial evidence" is " 'evidence which, if true, has probative force upon the issues, i.e., evidence favoring facts which are such that reasonable men may differ as to whether it establishes them....' " *Reiners,* 371 S.W.2d at 317 (internal citations omitted).

The rebuttable presumption in section 490.715.5 requires the trial court to determine if the party seeking to rebut the presumption has presented substantial evidence that the value of medical treatment rendered is an amount different from the dollar amount necessary to satisfy the financial obligations to health care providers. If such substantial evidence is proffered, the statutory presumption is rebutted. When the presumption is rebutted, the party's other evidence of value, as well as the amount necessary to satisfy the financial obligations, is admitted at trial as if no presumption exists. If the presumption is not rebutted, then the only evidence of the value of medical treatment rendered is the dollar amount necessary to satisfy the financial obligation to the health care providers.

In the pretrial hearing on Mr. Teasley's motion to determine the value of medical treatment rendered to Ms. Deck, Christopher Bell, a customer care supervisor for St. John's Health Care System (SJHCS), and Janie Mitchell, a reimbursement specialist for St. John's Physicians and Clinics (SJPC), were called as witnesses. Mr. Bell testified that the amounts billed by SJHCS for the medical services provided to Ms. Deck were customary and reasonable. He further testified that when SJHCS attempts to collect an outstanding bill it seeks the full amount of the bill. Finally, he testified that the amount billed by SJHCS is what it considers its services to be worth. Ms. Mitchell similarly testified that the total amount billed by SJPC for health care services provided to Ms. Deck was customary, fair and reasonable. Ms. Mitchell also stated that when SJPC attempts to collect an outstanding bill, it seeks the full amount of the bill rather than the amount reimbursed by Medicare. Ms. Mitchell also testified that the face value of its medical bills is what SJPC considers its services to be worth.

Ms. Deck also presented the testimony of Gary Smith, a health care consultant. Prior to consulting, he worked as executive vice president at Cox Hospital for approximately 25 years and in executive roles for other hospitals and clinics. Mr. Smith testified that the amount reimbursed by Medicare for a patient's medical bill usually does not cover the health care provider's cost of business. Because the amount paid by Medicare is less than the cost of the medical services, Mr. Smith testified that, in his opinion, the amount reimbursed by Medicare does not represent the value of the medical services provided by the health care provider. Mr. Smith further testified that the amount reimbursed by Medicare does not take into account the amount of time the health care provider spends with a patient, the number of staff members attending a patient or the hospital's costs. Finally, Mr. Smith stated that the face value of Ms. Deck's bills were fair and reasonable.

At trial, Ms. Deck made an offer of proof regarding the value of her medical expenses, again attempting to rebut the presumption of value under section 490.715. She called as a witness Dr. Shane Bennoch, a physician and former

emergency department director at Cox Hospital, who testified that the dollar amount necessary to satisfy the financial obligation to the health care providers did not represent the value of the services provided to Ms. Deck and, specifically, that Medicare does not maintain that its reimbursement rates represent the value of medical services. He further testified that the amount billed by a health care provider is a better indicator of the value of the goods and services than the amount that Medicare reimburses.

Ms. Deck's evidence presented at the pretrial hearing and the offer of proof that the amount she was billed is the value of the medical treatment rendered to her is substantial evidence that, if true, has probative force upon the issue of the value of the medical treatment rendered such that reasonable persons may differ as to whether it establishes the value. *Reiners,* 371 S.W.2d at 317. In light of such substantial evidence, the trial court misapplied the law in ruling that the statutory presumption in section 490.715.5 was not rebutted and in precluding Ms. Deck from presenting evidence of the amount of the medical bills she incurred to the jury at trial.

Mr. Teasley argues that allowing Ms. Deck to rebut the presumption under section 490.715 and present evidence of the unpaid portions of her medical bills to the jury would result in her receiving a windfall. He argues the legislature amended section 490.715 to prevent such windfalls. Mr. Teasley's policy argument overlooks the language of section 490.715 creating a

*"rebuttable presumption* that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered." Section 490.715.5(2) (emphasis added). The legislature's use of a "rebuttable presumption" is consistent with its recognition that the item of damage for which recovery is sought is the *value* of services rendered, not a reimbursement of amounts paid by a collateral source. Therefore, the legislature permitted a party to introduce evidence that a figure other than the amount actually paid represented the value of the services rendered in the particular case.[2]

The trial court further erred in the present case because the court did not limit its role to determining whether the presumption was rebutted by substantial evidence. Instead, the trial court weighed the competing evidence presented by both parties concerning the value of medical treatment and determined that the value of medical treatment rendered to Ms. Deck was the amount actually paid for Ms. Deck's medical treatment, together with any amount she was still obligated to pay. The language in section 490.715.5(2) that "the court may determine ... the value of the medical treatment rendered" could be read, as the trial court did in this case, to indicate that the trial court makes the final determination of the value of medical treatment, rather than submitting the issue to the jury for adjudication. However, such an interpretation is not supported by a full reading of section 490.715.5 because

2. The legislative history of the bill indicates an unsuccessful attempt was made to prohibit the introduction of unpaid medical bills. HB 393, as originally introduced, would have amended section 490.715.5 to read:

Parties may introduce evidence of the amount actually paid for medical treatment rendered to a party that was reasonable, necessary, and the proximate result of the negligence of any party. No party may introduce evidence of billing for an amount in excess of the amount actually paid for said medical treatment for which payment was made, and if no payment was made, then a party may only introduce evidence of the amount necessary to satisfy the financial obligation remaining to the health care provider.
Section 490.715.5 of HB 393, 93rd Gen. Assemb., 1st Reg. Sess. (Mo.2005) (unenacted).

the creation of the rebuttable presumption indicates that, if the presumption is rebutted, the jury would be presented evidence as though no presumption existed. Additionally, the final sentence of section 490.715.5—"[n]otwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered"—clearly contemplates that evidence regarding the value of medical treatment will be presented to the jury.

Having determined that the trial court erred in excluding Ms. Deck's evidence of the value of her medical treatment, the Court must determine whether that error was sufficiently prejudicial such to justify reversal. An error is prejudicial if it appears from the record that the error "materially affected the merits of the action." *Newton v. Ford Motor Co.*, 282 S.W.3d 825, 831 (Mo. banc 2009) (citing Rule 84.13(b)).

In the present case, Ms. Deck proffered evidence that the value of the medical treatment rendered to her was $27,991.30. However, due to the trial court's exclusion of that evidence, the jury only was permitted to hear evidence that the value of her medical treatment was $9,904.28, the amount that Ms. Deck, Medicare and supplemental insurance actually paid for the treatment after adjustments. The exclusion of evidence of the additional $18,087.02 in potential damages the jury should have been allowed to consider materially affected the merits of the action. *See Accomac Realty Co. v. City of St. Louis*, 347 Mo. 1224, 152 S.W.2d 100, 103 (1941). Accordingly, the trial court's exclusion of Ms. Deck's evidence of the value of medical treatment was prejudicial. Ms. Deck is entitled to a new trial on the issue of damages.

### Expert Testimony Regarding the Cost of Future Medical Treatment

In her final point, Ms. Deck claims the trial court erred in excluding Dr. Bennoch's testimony regarding the costs of her possible future medical treatment. Specifically, Ms. Deck asserts that "[t]he trial court erred in excluding expert testimony pertaining to appellant's possible future medical condition and treatment because such evidence is clearly admissible under Missouri law, in that it assists the trier of fact in evaluating the nature and extent of appellant's injuries." Because the case is remanded, the Court need not decide whether the trial court's exclusion of Dr. Bennoch's testimony constituted reversible error. Nevertheless, because the issue may arise on remand, it will be discussed briefly.

The facts that give rise to this point revolve around Dr. Bennoch's testimony regarding Ms. Deck's possible need for surgery on her injured shoulder. Specifically, Dr. Bennoch testified he would recommend a repeat MRI of Ms. Deck's shoulder; if the MRI showed further deterioration, then a more extensive arthroscopic surgery would be required. When Dr. Bennoch was questioned about the cost of such surgery, Mr. Teasley's attorney objected on the basis that the question called for speculation. In response, Ms. Deck's attorney argued that future medical treatment conditioned on the outcome of care is admissible. Ultimately, the trial court sustained Mr. Teasley's objection and disallowed evidence of the cost of Ms. Deck's possible future surgery as speculative because Dr. Bennoch did not testify to a reasonable degree of medical certainty that surgery would be needed.

In an offer of proof, Dr. Bennoch estimated that future surgery would cost between $15,000 and $20,000 and that physical therapy would cost several thousand

additional dollars. On cross-examination, Dr. Bennoch confirmed his earlier testimony that Ms. Deck's need for future medical treatment was dependent on the results of a future MRI; therefore, surgery was only a possibility and future treatment was speculative. At the end of the offer of proof, Ms. Deck again sought admission of Dr. Bennoch's testimony regarding the cost of her future care, which the trial court denied.

Because of the passage of time since trial, the circumstances surrounding Ms. Deck's need for future medical treatment may have evolved. For example, Ms. Deck's condition may have changed or she may have had intermittent MRI scans, which could alter Dr. Bennoch's testimony regarding the possibility of future treatment. In the event Ms. Deck offers the same testimony from Dr. Bennoch on remand, the trial court's decision to admit or deny such evidence should be informed by this Court's decision in *Swartz v. Gale Webb Transp. Co.*, 215 S.W.3d 127 (Mo. banc 2007).

*Swartz* involved the testimony of two physicians regarding the possibility of a plaintiff's need for future surgery. *Id.* at 129. While each physician testified the plaintiff had an increased risk of surgery, neither could testify to a reasonable degree of medical certainty that surgery would be needed. *Id.* at 130. In fact, one of the physicians testified that the need for future surgery was "speculation." *Id.* Nevertheless, the Court held the testimony of both physicians, which included an estimate of the cost of the future surgery, was admissible for the purpose of establishing the nature and extent of the plaintiff's present injuries. *Id.* at 133.

In reaching its holding, the Court distinguished between present injuries and future consequences. The Court noted that a plaintiff only is entitled to recover for an injury not yet occurring if the injury is reasonably certain to occur in the future. *Id.* at 130. However, the Court noted that expert testimony regarding a plaintiff's increased risk of future consequences is admissible to aid the jury in assessing the extent and value of the plaintiff's present injuries "even if those future consequences are not reasonably certain to occur." *Id.* at 131. The Court noted that other Missouri cases[3] have admitted expert testimony regarding the possibility of future surgery and the potential costs of such treatment, despite the fact that such treatment was not reasonably certain to occur. *Id.*

On remand, the trial court should consider the effect of *Swartz* and the cases cited therein to determine the admissibility of evidence regarding Ms. Deck's possible future medical treatment.

## Conclusion

Because Ms. Deck presented substantial evidence that her total medical bills represented the value of her medical treatment, she rebutted the presumption under section 490.715 that the dollar amount necessary to satisfy the obligation to her health care providers constituted the value of her medical treatment. Therefore, Ms. Deck should have been allowed to present evidence of the total amount of her medical bills to the jury. The trial court misapplied the law by refusing to admit evidence of the amount of Ms. Deck's medical bills, and Ms. Deck was prejudiced by the trial court's error. Accordingly, the portion of

3. Of particular significance is the Court's discussion of *Breeding v. Dodson Trailer Repair, Inc.*, 679 S.W.2d 281, 283–84 (Mo. banc 1984) (testimony regarding cost of possible future surgery was admissible despite fact that expert testified that surgery was conditioned on failure of other treatment and was not reasonably certain).

the judgment of the trial court awarding Ms. Deck damages is reversed and the case is remanded for a new trial on the issue of damages only. In all other respects, the judgment is affirmed.

All concur.