**CITY OF KANSAS CITY, Appellant,**

v.

**HERTZ CORPORATION, Respondent.**

No. 57239.

Supreme Court of Missouri, Division No. 1.

Sept. 10, 1973.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 8, 1973.

**450**

Aaron A. Wilson, Jr., City Counselor, Louis W. Benecke, City Prosecutor, William S. Ferguson, Jr., Asst. City Prosecutor, Kansas City, for appellant.

Michael J. Maloney, Kansas City, for respondent; Popham, Popham, Conway, Sweeny & Fremont, Kansas City, of counsel.

BARDGETT, Presiding Judge.

Plaintiff-appellant, City of Kansas City, Missouri, a municipal corporation (hereafter City), appeals from the judgment of acquittal entered in favor of defendant-respondent Hertz Corporation (hereafter Hertz).

This case involves a construction of a traffic ordinance of the City of Kansas City with respect to the owner's liability for illegally parked cars. The question is whether the ordinance imposes liability on the owner-lessor of a car when the car is being permissively used by a lessee and is illegally parked and, if so, whether the ordinance is in violation of the due process clause requirements of Art. I, § 10, Const. of Missouri 1945, V.A.M.S., and the U.S. Const. Amend. 14. The resolution of the issues on this appeal requires a construction of the due process clause of the Missouri and United States Constitutions. This court has jurisdiction. Art. V, § 3, Const. of Mo.1945, as amended.

The parties have stipulated on the facts.

Hertz is a corporation engaged in the business of renting automobiles to the public in Kansas City, Missouri, and rented a car to one Burton Shapiro of Minneapolis, Minnesota, who was the permissive user of the car at the time it was found illegally parked on September 24, 1970, in violation of Kansas City Rev.Ord. § 34.194(m). The car was duly ticketed. The violation ticket was not paid and Mr. Shapiro did not appear in any court on this ticket. No employee of Hertz parked the car illegally.

The information filed in municipal court charged defendant Hertz with the violation of § 34.194(m),[1] supra. Hertz pled not guilty. The municipal court found Hertz guilty and imposed a fine of five dollars and costs. Hertz duly appealed to the circuit court where the case was tried to the court on stipulated facts. As stated supra, the circuit court sustained Hertz's motion for judgment of acquittal and the City has appealed.

The pertinent parts of the city ordinances involved are as follows:

"Section 34.194(m). No driver of a vehicle shall stop, stand or park or cause such vehicle to be placed, left or stopped in any of the following places . . .

---

1. References to sections of the Kansas City ordinances are to Kansas City Code of General Ordinances in effect on September 24, 1970.

"(m) In an officially designated bus zone . . .

"Section 34.1 . . .

"*Owner* . . . The operation or use of a motor vehicle in violation of the provisions of this chapter shall be prima facie evidence that said motor vehicle was at the time of such violation controlled, operated and used by the owner thereof.

"Section 34.344. *Registered owner prima facie responsible for violation.*

"If any vehicle is found upon a street in violation of any provision of this chapter, the owner or person in whose name such vehicle is registered in the records of any city, county or state shall be held prima facie responsible for such violation, if the driver thereof is not present."

From the outset Hertz has contended an ordinance imposing liability upon an owner who was not driving or present but who had rented or bailed the car to another constituted a violation of the due process clause of the Missouri and U. S. Constitutions.

The trial court found that neither Hertz nor its agent or employee was the "driver" of the automobile under §§ 34.1 and 34.-194(m) of the city ordinances, and that Ord. § 34.344 does not impose liability for a parking violation merely because of ownership of the car and the giving of permissive use of it to another. Having made the foregoing determination, the trial court found it unnecessary to pass upon the constitutional question.

The position of the City on this appeal is (1) that Ord. § 34.344, supra, does impose liability for parking violation fine upon a non-driver owner who permits another to use his car, and (2) that the ordinance does not violate the due process clause of either the Missouri or U. S. Constitutions.

The position of Hertz is (1) that the trial court was correct in holding that the ordinance does not purport to impose liability upon a non-driver owner who permits another to use his car, and (2) if the ordinance does impose such liability, then it violates the due process clause of the Missouri and U. S. Constitutions.

The first question therefore is whether or not the Ord. § 34.344 imposes vicarious liability for the violation of Ord. § 34.194, a no-parking ordinance, upon a non-driver owner who has given permission to another to drive his car when that car is found to be parked illegally.

Hertz is the owner of the automobile in question which was rented by Hertz to Shapiro and while so rented it was illegally parked in violation of Ord. § 34.194(m).

Ord. § 34.194(m) specifies that which is prohibited, to-wit: a car being left, parked, or stopped in certain specified places. The word "driver" is used and obviously the driver who performs the prohibited act is liable for the penalty. If this were the only ordinance relating to the designation of those who are liable for the violation it would be clear that the intent of the ordinance was to fix the penalty only on the driver.

Ord. § 34.344, however, specifies that when a vehicle is found upon a street in violation of the chapter, the *owner* or *person* in whose name the car is registered *shall be prima facie responsible* for such violation, if the driver thereof is not present.

Ord. § 34.344, supra, directly imposes liability for the parking violation on the owner, providing the driver of the car is not present. It does not require that the owner be the driver. Of course, in order for a car to be in the parking place a driver had to be present at some time. The phrase "providing the driver thereof is not present" means that the driver was not present when the car was found to be illegally parked. In the instant case the driver was not present when the car was found illegally parked.

The words "prima facie", as used in this ordinance, do not mean that the owner is presumed to be the driver. The phrase, as used here, means that a rebuttable presumption exists that the car was not being operated by the driver without the consent of the owner and that the registration of the car is correct. Unless that presumption is rebutted, the ordinance imposes liability for the parking violation upon the owner.

In Kansas City v. Howe, 416 S.W.2d 683 (Mo.App.1967), the court construed the Kansas City ordinance which defines "owner." The pertinent portion of that definitional ordinance is set forth supra as § 34.1. That section generally creates a rebuttable presumption that the owner was the *operator* in control of the vehicle at the time of the violation. The Court of Appeals noted that the question of the constitutionality of the presumption portion of this type of ordinance had been upheld by this court in City of St. Louis v. Cook, 221 S.W.2d 468 (Mo.1949). City of St. Louis v. Cook, supra, has been cited by both parties to this appeal and if the ordinance which controls this case were § 34.1, supra, the *Cook* case would be decisive of the matter.

The difference between the ordinance in *Cook* and *Howe* and the one here involved, § 34.344, is that § 34.344 places responsibility upon the *owner* without any requirement that he be found to have been the *driver,* whether that finding is premised on a presumption or direct evidence.

The court holds that § 34.344 directly places responsibility for the parking violation upon the *owner* of the car when the car is being driven with the owner's consent unless the actual driver is present at the car at the time the ticket for the violation is issued.

The second question is whether a parking ordinance which imposes a penalty consisting of a small fine for its violation upon the car owner, even though the owner did not personally commit the violation nor authorize it but who had merely permitted the driver to operate the owner's car, is in violation of the due process clause of the Missouri and U. S. Constitutions.

The Supreme Court of Massachusetts had the identical question before it in Commonwealth v. Minicost Car Rental, Inc., 242 N.E.2d 411 (Mass.1968). Boston had enacted an ordinance imposing liability for illegal parking on the car owner. The court said at 1. c. 412–413:

"The defendant does not trouble to cite or explain Commonwealth v. Ober, 286 Mass. 25, 189 N.E. 601, where there is but one factual distinction from the case before us. In the *Ober* case it does not appear who made the improper parking. In the case at bar the improper parking was by one who rented the automobile from the defendant. This, however, is a distinction without importance. As was pointed out in the Ober case, at page 32 [of 286 Mass], at page 603 of 189 N.E., 'The inconvenience of keeping watch over parked vehicles to ascertain who in fact operates them would be impracticable, if not impossible, at a time when many vehicles are parked. * * * [T]he rules and regulations of the Boston Traffic Commission * * * were framed and intended to cover and make punishable any violation * * * by the owner of any vehicle registered in his name * * *.'

"This doctrine is not impaired by Morissette v. United States, 342 U.S. 246, 72 S. Ct. 240, 96 L.Ed. 288, or Lambert v. People of State of California, 355 U.S. 225, 78 S. Ct. 240, 2 L.Ed.2d 228, both of which recognize that many public welfare crimes that require no intent are valid.

"The defendant argues that where the penalty is not minor, absence of a scienter requirement may result in a deprivation of property without due process of law. It refers to Commonwealth v. Buckley, Mass., 238 N.E.2d 335. In the case at bar, the penalty of a fine not exceeding $20 is very definitely minor. As said in the Buckley

case at page 337, 'Generally, however, it has been held that the Legislature may make criminal an act or omission even where the person responsible has no "blameworthy condition of the mind," ' citing authorities, including Commonwealth v. Ober, 286 Mass. 25, 30, 189 N.E. 601, supra. This is but another instance where the penalty is 'relatively small, and conviction does no grave damage to an offender's reputation.' Morissette v. United States, supra, 342 U.S. [at] 256, 72 S.Ct. [at] 246.

"To move away from such reasoning, the defendant seeks to rely upon its large business as a rental agency whose vehicles are operated by many different renters. It asserts that there would be a large economic waste, but that argument does not apply to the case at bar, where there is only one conviction and a small fine. That the defendant may later be convicted of additional violations is not presently in issue. But beyond that, we would be slow to lighten the possible penalty for a large owner of cars in comparison with that for owners of fewer cars.

"The defendant has an easy means of enforcing reimbursement from its renter. The standard rental agreement, which the renter, a resident of Everett, signed, provides in paragraph 4, 'Renter expressly acknowledges personal liability to pay Lessor on demand * * * (f) all fines and court costs for parking, traffic or other legal violations assessed against said vehicle, Renter, or Lessor during [the] term of this agreement, except where caused through [the] fault of Lessor * * *.'

"There is no deprivation of property without due process of law. Far from being a denial of the equal protection of the laws, a decision for the defendant would more likely create one."

The New York Court of Appeals reached the same conclusion in Kinney Car Corp. v. City of New York, 28 N.Y.2d 741, 269 N.E.2d 829, 321 N.Y.S.2d 121 (N.Y. App.1971), affirming and adopting the opinion of the Supreme Court (trial court)

of New York, published at 58 Misc.2d 365, 295 N.Y.S.2d 288 (1968). In People v. Avis Rent-A-Car, etc., 24 Misc.2d 1056, 206 N.Y.S.2d 400 (Westchester County Ct. 1960), cited by Hertz, the county court reached the opposite conclusion, however, in view of Kinney Car Corp. v. City of New York, supra, Avis Rent-A-Car, supra, would have to be viewed as having been overruled. Ohio follows Commonwealth v. Minicost Car Rental, Inc., supra. City of Columbus v. Webster, 170 Ohio St. 327, 164 N.E.2d 734 (1960).

For cases contrary, see City of Seattle v. Stone, 410 P.2d 583 (Wash.1966) and Red Top Driv-Ur-Self v. Potts, 300 S.W.2d 261 (Ark.1957).

The purpose of ordinances regulating parking is to permit the public streets to be used to their best advantage by the public. The maximum penalty is a relatively small fine and no potential incarceration. There is no public stigma attached to receiving a parking ticket and it has no effect upon one's driver's license or insurance cost. If the ticket is paid promptly, no court appearance is required. The movement of automobile traffic is a major problem in the cities of this state. Cars illegally parked contribute substantially to that problem and the enforcement of parking regulations is difficult and expensive. Most cars are driven by the owner, some member of the owner's family, or his employee or lessee and with the owner's consent. An ordinance imposing liability for the parking violation fine on the owner as well as the driver may very well result in fewer violations and thereby assist in the reduction of traffic problems.

In the field of automobile parking violation this court believes that the Massachusetts and New York holdings are sound and meet the needs of today without violating the constitutional due process rights of the people.

The court holds that Kansas City Rev. Ord. § 34.344 is not violative of the due

process clause of either the Missouri or United States Constitutions.

Hertz contends the word "driver" as used in § 34.194, supra, does not include a corporation because § 34.1 defines a "driver" as being "Every person who drives or is in actual physical control of a vehicle or railroad train." Liability for the parking violation is not imposed because Hertz was a driver, but because Hertz was the owner of the car. Ord. § 34.344. The point is overruled.

The judgment of the circuit court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

All of the Judges concur.