

# SUPREME COURT OF MISSOURI
## en banc

SARAH TUPPER, *et al.*,       )
           )
     Respondents/Cross-Appellants,   )
           )
v.           )    No. SC94212
           )
CITY OF ST. LOUIS, *et al.*,    )
           )
     Appellants/Cross-Respondents.   )

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
The Honorable Steven R. Ohmer, Judge

*Opinion issued August 18, 2015*

After Sarah K. Tupper and Sandra L. Thurmond each received notices that she had violated ordinance 66868, the City of St. Louis's red light camera ordinance, they filed suit challenging the validity of the ordinance. They named as defendants the city, city officials, American Traffic Solutions, Inc. (ATS), Linebarger Goggan Blair & Samponson, LLC (law firm), and the Missouri director of revenue challenging the validity of the ordinance. In the suit, Ms. Tupper and Ms. Thurmon sought a declaratory judgment that ordinance 66868 is invalid and an injunction prohibiting its enforcement.

After a bench trial, the circuit court found that Ms. Tupper and Ms. Thurmond do not have an adequate remedy at law. The circuit court also found that the enforcement of the red light camera ordinance is an issue of general public interest and there is a reasonable expectation that the city will continue enforcing ordinance 66868 even though

it dismissed the tickets against Ms. Tupper and Ms. Thurmond to avoid issuance of an injunction in this matter. The circuit court then found that ordinance 66868 is invalid because it was found to be void in *Smith v. City of St. Louis*, 409 S.W.3d 404 (Mo. App. 2013), the city had not fixed the notice deficiencies at issue in *Smith*, and ordinance 66868 contains a rebuttable presumption that the owner of the motor vehicle was driving the vehicle. The court enjoined the city from enforcing the ordinance but denied Ms. Tupper and Ms. Thurmond's petition as to the rest of the defendants. The circuit court also denied Ms. Tupper and Ms. Thurmond's request for attorney's fees.

The city, Ms. Tupper, Ms. Thurmond, and the director of revenue all appeal. This Court affirms the circuit court's finding that Ms. Tupper and Ms. Thurmond could maintain their action for a declaratory judgment and injunctive relief because, after the city dismissed the prosecutions for the ordinance violations, they no longer had an adequate legal remedy. Further, this Court finds ordinance 66868 is constitutionally invalid because it creates a rebuttable presumption that shifts the burden of persuasion onto the defendant to prove that the defendant was not operating the motor vehicle at the time of the violation. Nonetheless, the city's prior enforcement of the ordinance was not intentional misconduct sufficient to justify an award of attorney's fees; therefore, the circuit court did not abuse its discretion in not awarding attorney's fees. Lastly, the director of revenue lacks standing to appeal the circuit court's judgment because the court denied the relief Ms. Tupper and Ms. Thurmond requested with respect to all defendants except the city. Accordingly, this Court affirms the circuit court's judgment.

## Factual and Procedural Background

In 2005, the city enacted ordinance 66868, codified at section 17.07.010 of the city's code, to authorize the creation and operation of a red light camera enforcement system. Section four of ordinance 66868 permits the red light camera enforcement system to be used in prosecuting violations of the city's traffic code, stating:

> In a prosecution for a violation of the traffic Code Ordinance as codified in Section 17 et seq. of the Revised Code of the City of St. Louis based on an Automated Traffic Control System Record:
>
> A. If the City proves: 1) that a motor vehicle was being operated or used; 2) that the operation or use of the motor vehicle was in violation of the Traffic Code Ordinance as codified [in] Section 17 et seq. of the Revised Code and 3) that the defendant is the Owner of the motor vehicle in question, then:
>
> B. A rebuttable presumption exists that such Owner of the motor vehicle operated or used in violation of the Traffic Code Ordinance as codified in Section 17 et seq. of the Revised Code was the operator of the vehicle at the time and place the violation was captured by the Automated Traffic Control System Record.

The city and ATS entered into a contract under which ATS employees watch videos of motor vehicles driving through the intersections with red light cameras and identify possible red light violations. When a possible violation is observed, the ATS employee will use the department of revenue license plate records to identify the owner of the offending motor vehicle and will forward the video and identity of the owner of the motor vehicle to the city's police department. A police officer will then review the video and determine whether there is probable cause to issue a notice of violation. A notice of violation is then sent to the owner stating that the owner's vehicle was captured failing to

3

stop at a red light by a red light camera and the fine for the violation is $100.[1] The notice also includes a photograph of the rear of the motor vehicle that committed the violation.[2]

Between March 2012 and September 2013, Ms. Tupper and Ms. Thurmond each received two notices of violations stating there was probable cause to believe they violated ordinance 66868 by failing to stop at a red light. Each notice stated that the fine for the violation was $100. The notices stated that the recipient could pay the fine in person, by mail, or online or could dispute the notice without appearing in court by filling out an "affidavit of non-responsibility" stating why the recipient is not responsible for the violation or naming the individual who was operating the motor vehicle at the time of the violation. The notices further provided that failure to respond would result in service of summons and a required court appearance, at which time the recipient could enter a plea of not guilty and request a trial.

Upon receiving her first notice of violation, Ms. Tupper did not pay the fine but appeared at her court appearance and certified the case to the circuit court. Ms. Tupper was found guilty by the circuit court, but she filed a renewed motion for acquittal based on recent court of appeals decisions invalidating other red light camera ordinances. The circuit court granted the motion and acquitted Ms. Tupper.[3]

---

[1] Neither ordinance 66868 nor the ordinance prohibiting running a red light provide a penalty or fine. By municipal order, a judge of the municipal division of the 22nd Judicial Circuit set a $100 fine for red light violations issued pursuant to the camera enforce system ordinance.

[2] The parties stipulated that the rear of the vehicle is photographed and that the driver of the vehicle is not.

[3] The city appealed the order acquitting Ms. Tupper but voluntarily dismissed the appeal during the pendency of this case.

Ms. Tupper did not, however, respond to the second notice of violation, and Ms. Thurmond did not respond to either of her two notices. They received summonses to appear, but neither Ms. Tupper nor Ms. Thurmond appeared on the scheduled dates. Ms. Tupper and Ms. Thurmond subsequently received letters from the law firm informing them that they owed the city the $100 fine for each violation. Ms. Tupper and Ms. Thurmond admit that red light violations occurred in each case and that they were the owners of record for the respective motor vehicles involved in the violations.

On November 25, 2013, Ms. Tupper and Ms. Thurmond filed suit in the circuit court of St. Louis City against the city, the city's mayor, the police chief of the city's police department, the director of revenue, ATS, and the law firm. Ms. Tupper and Ms. Thurmond sought a temporary restraining order, preliminary injunction, and a permanent injunction to enjoin the defendants from prosecuting violations of ordinance 66868 and sought declaratory relief finding the ordinance and unenforceable. In their petition, Ms. Tupper and Ms. Thurmon asserted ordinance 66868 was unlawful because the ordinance: (1) conflicts with state law by failing to assess points for a moving violation; (2) relies on a charge code for red light camera tickets that was created by an improper rulemaking process; (3) uses an inadequate form of notice that violates Rule 37.33 and their due process rights; (4) contains an unconstitutional presumption that the owner of the motor vehicle was driving the vehicle at the time and place of the violation; and (5) contains a "rat out provision" that unconstitutionally shifts the city's burden of proof. Ms. Tupper and Ms. Thurmond also sought attorney's fees.

5

A hearing on the motion for a temporary restraining order was held on November 27, 2013. On that date, the city dismissed the pending prosecutions against Ms. Tupper and Ms. Thurmond. The circuit court then continued Ms. Tupper and Ms. Thurmond's declaratory judgment action. The defendants each moved to dismiss. The city, the mayor, the police chief, ATS, and the law firm alleged the matter was moot, there was no justiciable controversy, Ms. Tupper and Ms. Thurmond lacked standing, Ms. Tupper and Ms. Thurmond were estopped from raising constitutional claims not asserted in the municipal division, and the petition impermissibly sought class-wide relief without utilizing the procedure for certifying a class.[4] The director of revenue moved to dismiss on the basis that there was no relief sought from him and that the claims should be adjudicated without him.

A bench trial was held on January 13, 2014. In discussing preliminary matters, counsel for Ms. Tupper and Ms. Thurmond stated that they were "going to drop" the issue in the petition relating to the form of notice, stating that the current form of notice is lawful. Counsel also stated that Ms. Tupper and Ms. Thurmond were dropping the issue regarding the charge code because counsel had been assured that the code was created properly. The parties filed joint stipulations of fact for trial along with stipulated exhibits,[5] and the court heard testimony from both sides relating to the reasonableness of the presumption that a motor vehicle's owner was the driver at the time of the violation.

---

[4] ATS filed a motion to dismiss; the city and its official collectively filed a motion to dismiss, and the law firm filed a motion to dismiss.

[5] The director of revenue filed a joint stipulation of facts separate from the one filed on behalf of the other defendants.

The circuit court entered its order and judgment on February 11, 2014. The court first addressed the defendants' motions to dismiss, finding: (1) the case is not moot because it falls within the "general public interest" exception to the mootness doctrine and the "voluntary cessation" doctrine; (2) Ms. Tupper and Ms. Thurmond do not have an adequate remedy at law because the ordinance subjects them to a multiplicity of suits and because the municipal division lacks jurisdiction over prosecution of a void ordinance; (3) Ms. Tupper and Ms. Thurmond have standing because they have been affected by ordinance 66868; (4) the constitutional claims were not waived because Ms. Tupper and Ms. Thurmond presented their claims at the first reasonable opportunity; (5) Ms. Tupper and Ms. Thurmond are not seeking relief for a class; and (6) the director of revenue is a proper party because his role in promulgating and applying the charge codes related to ordinance 66868 could be affected by a declaration of invalidity of the ordinance. Accordingly, the court overruled the motions to dismiss.

The circuit court then found Ms. Tupper and Ms. Thurmond were entitled to an injunction because ordinance 66868 was void. The court relied on *Smith*, in which the court of appeals found ordinance 66868 "void for failure to comply with the Supreme Court rules." *See* 409 S.W.3d at 427. The circuit court found that subsequent changes to the notice of violation to comply with the rules irrelevant when the court of appeals already found ordinance 66868 void, which the court interpreted as meaning that the city never had authority to create the ordinance. The court further found the defendants failed to show the notice had been revised to comply with the rules. The court also relied on court of appeals decisions finding other red light camera ordinances invalid for

7

containing a "rebuttable presumption."[6] The court, therefore, declared ordinance 66868 invalid. The court found that an injunction was warranted to prevent the multiplicity of actions or proceedings for violation of ordinance 66868 because the city continues to enforce the ordinance. Accordingly, the court granted an injunction prohibiting the city from attempting to the enforce the ordinance, sending out notice of violations and summons for violating the red light ordinance as detected by cameras, processing payments for such alleged violations, and sending collection letters relating to red light camera tickets.

Ms. Tupper and Ms. Thurmond moved to correct and amend the judgment to enjoin defendants other than the city from taking action. The circuit court declined to enjoin the other parties from taking action because the "other parties lack the power or authority to take the actions prohibited by the order and judgment." The court amended its judgment to deny Ms. Tupper and Ms. Thurmond's petition with respect to the other defendants. Ms. Tupper and Ms. Thurmond also filed a motion for attorney's fees, which the court overruled.

The city, Ms. Tupper and Ms. Thurmond, and the director of revenue appealed the circuit court's judgment to the court of appeals. The court of appeals consolidated the three appeals. This Court granted transfer prior to opinion. Mo. Const. art. V, sec. 10.

---

[6] The circuit court relied on *Brunner v. City of Arnold*, 427 S.W.3d 201, 231-33 (Mo. App. 2013); *Damon v. City of Kansas City*, 419 S.W.3d 162, 190-91 (Mo. App. 2013); and *Unverferth v. City of Florissant*, 419 S.W.3d 76, 109 (Mo. App. 2013) (Mooney, J., dissenting).

8

On appeal, the city asserts the circuit court erred in declaring ordinance 66868 invalid and enjoining enforcement of the ordinance because Ms. Tupper and Ms. Thurmond have an adequate remedy at law. The city further asserts the circuit court erred in finding ordinance 66868 invalid because: (1) the rebuttable presumption does not violate due process; (2) the circuit court misapplied the court of appeals' holding in *Smith*; (3) the revised notice of violation form complies with Rule 37.33; and (4) ordinance 66868 does not conflict with state law requiring the assessment of points for a moving violation.

The standard of review for a declaratory judgment is the same as for court-tried cases. *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001). "[T]he trial court's decision should be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.*

## A. No Adequate Legal Remedy

The city maintains that Ms. Tupper and Ms. Thurmond were not entitled to a declaratory judgment action because they had an adequate remedy at law in that they could have challenged ordinance 66868 in their municipal proceedings. A declaratory judgment action has been found to be a proper action to challenge the constitutional validity of a criminal statute or ordinance. *State ex rel. Eagleton v. McQueen*, 378 S.W.2d 449, 452 (Mo. banc 1964); *Sta-Whip Sales Co. v. City of St. Louis*, 307 S.W.2d 495, 498 (Mo. 1957). To maintain a declaratory judgment action, there must exist:

(1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003) (internal quotation omitted). Similarly, "[a]n injunction is an extraordinary and harsh remedy and should not be employed where there is an adequate remedy at law." *Farm Bureau Town and Country Ins. Co. of Missouri v. Angoff*, 909 S.W.3d 348, 354 (Mo. banc 1995).

The city argues that Ms. Tupper and Ms. Thurmond were not entitled to a declaratory judgment or an injunction because they could have challenged ordinance 66868 in the municipal proceedings. In response, Ms. Tupper and Ms. Thurmond rely on *Brunner v. City of Arnold*, in which the court of appeals held a pending prosecution for violation of an ordinance is not an adequate opportunity to challenge the ordinance when the ordinance is found to be void because the municipal division lacks subject matter jurisdiction over the proceedings. 427 S.W.3d 201, 217-18 (Mo. App. 2013).

A court's subject matter jurisdiction is governed by the Missouri Constitution. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009). Article V, section 14, of the Missouri Constitution states, "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Additionally, article V, section 27(2)(d) states, "The jurisdiction of municipal courts shall be transferred to the circuit court . . . and, such courts shall become divisions of the circuit court."

10

While the constitution provides that municipal judges "shall hear and determine violations of municipal ordinances in one or more municipalities," Mo. Const. art. V, sec. 23, the subject matter jurisdiction of a municipal division of the circuit court is not dependent on whether an ordinance is invalid. Otherwise, a municipal judge would have to consider whether the ordinance on which a prosecution is based conflicts with any state law before proceeding with any case. Further, a lack of subject matter jurisdiction in the municipal division would limit the method for adjudicating claims that an ordinance conflicts with state law to declaratory judgment actions, which is not the case. *See Roeder v. City of St. Peters*, __ S.W.3d __ (Mo. banc 2015) (No. SC94379); *State ex rel. Sunshine Enterprises of Missouri, Inc. v. Bd. of Adjustment of City of St. Ann*, 64 S.W.3d 310 (Mo. banc 2002); *Kansas City v. LaRose*, 524 S.W.2d 112 (Mo. banc 1975).[7]

While the municipal division proceedings may have provided an adequate legal remedy sufficient to preclude a declaratory judgment, *see Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011), the city dismissed the pending prosecutions against Ms. Tupper and Ms. Thurmond before filing its motion to dismiss. Accordingly, Ms. Tupper and Ms. Thurmond no longer had an adequate legal remedy. The city provides no authority requiring the circuit court to dismiss Ms. Tupper and Ms. Thurmond's petition for declaratory judgment action due to an adequate legal remedy

---

[7] *Brunner*, 427 S.W.3d at 214-216, is overruled to the extent that it holds a municipal division lacks subject matter jurisdiction when an ordinance on which an ordinance violation is based is found to be invalid.

11

that they no longer have.[8]  Therefore, the circuit court did not err in finding Ms. Tupper and Ms. Thurmond did not have an adequate legal remedy.

Ms. Tupper and Ms. Thurmond are not currently facing prosecution under ordinance 66868.  Nevertheless, a pre-enforcement challenge to a law is sufficiently ripe to raise a justiciable controversy when: "(1) the facts necessary to adjudicate the underlying claims [are] fully developed and (2) the laws at issue [are] affecting the plaintiffs in a manner that [gives] rise to an immediate, concrete dispute."  *Foster v. State*, 352 S.W.3d 357, 360 (Mo. banc 2011) (internal quotations omitted) (substitutions in original).  "Cases presenting predominantly legal questions are particularly amenable to a conclusive determination in a pre-enforcement context, and generally require less factual development."  *Planned Parenthood of Kansas v. Nixon*, 220 S.W.3d 732, 739 (Mo. banc 2007) (internal quotations omitted).

Ms. Tupper and Ms. Thurmond's claims regarding the validity of ordinance 66868 present predominately legal questions.  In particular, their claim that the rebuttable presumption in ordinance 66868 is unconstitutional is a legal question that does not require further factual development.  Additionally, ordinance 66868 has already affected

---

[8] The only case cited by the city in which an "adequate legal remedy" was no longer an option for the party seeking declaratory judgment is *State ex rel. Freeway Media, L.L.C. v. City of Kansas City*, 14 S.W.3d 169 (Mo. App. 2000).  In *Freeway Media*, the plaintiffs were denied zoning permits and sought to obtain a declaratory action instead of appealing the board of zoning and adjustment's decision, which was the exclusive remedy.  *Id.* at 173.  *Freeway Media* is an example of the principle that a declaratory judgment action is not available when a party failed to exhaust available administrative remedies provided by statute.  *See Missouri Ass'n of Nurse Anesthetists, Inc. v. State Bd. of Registration for Healing Arts*, 343 S.W.3d 348, 355 (Mo. banc 2011).  The exhaustion of administrative remedies doctrine does not apply in this case.

Ms. Tupper and Ms. Thurmond in that they were previously subject to prosecutions under ordinance 66868, and Ms. Tupper and Ms. Thurmond are still subject to ordinance 66868 because the city is currently enforcing the ordinance. Accordingly, there exists a genuine disagreement among the parties regarding the validity of ordinance 66868 that presents a substantial controversy ripe for review.

B. Unconstitutional Rebuttable Presumption

The city next asserts the circuit court erred in finding 66868 is invalid for containing a rebuttable presumption that the owner of the motor vehicle was operating the vehicle at the time of the violation. The city maintains that the rebuttable presumption is lawful in that it is a reasonable and proper means of shifting the burden of production for prosecutions of red light camera ordinance violations.

Because the term "presumption" is used to describe different types of evidentiary devices used in criminal and civil cases, it is necessary to determine the nature of the presumption to assess it its validity. *See Cnty. Court. of Ulster Cnty., New York v. Allen*, 442 U.S. 140, 156 (1979). On one end of the spectrum is a permissive inference, "which allows – but does not require – the trier of fact to infer the elemental fact from proof by the prosecutor of the basic one and which places no burden of any kind on the defendant." *Id.* On the other end is a conclusory, or irrebuttable, presumption that establishes a fact such that it cannot be overcome by additional evidence or argument. Black's Law Dictionary 1377 (10th ed. 2014). In between the extremes is a mandatory but rebuttable presumption. *Francis v. Franklin*, 471 U.S. 307, 314 n.2 (1985). The amount of evidence that must be presented by the defendant to rebut the presumption

13

affects whether the presumption shifts only the burden of production or shifts the ultimate burden of persuasion.[9] *See Sandstrom v. Montana*, 442 U.S. 510, 518 (1979).

The presumption in this case is found in section four of ordinance 66868, which states, in pertinent part:

> A. If the City proves: 1) that a motor vehicle was being operated or used; 2) that the operation or use of the motor vehicle was in violation of the Traffic Code Ordinance as codified [in] Section 17 et seq. of the Revised Code and 3) that the defendant is the Owner of the motor vehicle in question, then:

> B. A rebuttable presumption exists that such Owner of the motor vehicle operated or used in violation of the Traffic Code Ordinance as codified in Section 17 et seq. of the Revised Code was the operator of the vehicle at the time and place the violation was captured by the Automated Traffic Control System Record.

The rules governing interpretation of a statute are employed when interpreting an ordinance. *State ex rel. Teefey v. Bd. of Zoning Adjustment of Kansas City*, 24 S.W.3d 681, 684 (Mo. banc 2000). Accordingly, the Court will "ascertain and give effect to the intent of the enacting legislative body" as reflected in the plain and ordinary meaning of the ordinance's language absent a definition in the ordinance. *Id.* Municipal ordinances are presumed valid, *McCollum v. Dir. of Revenue*, 906 S.W.2d 368, 369 (Mo. banc 1995), and will be construed in light of the presumption of validity, *see Reprod. Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 185 S.W.3d 685, 688 (Mo. banc 2006).

Ordinance 66868 does not define "rebuttable presumption." When an ordinance does not define a term but "uses words that have a definite and well-known meaning at

---

[9] The burden of proof is composed of the burden of production and the burden of persuasion. *White v. Dir. of Revenue*, 321 S.W.3d 298, 304 (Mo. banc 2010).

14

common law, it will be presumed that the terms are used in the sense in which they were understood at common law, and the words will be so construed unless it clearly appears that such a construction was not so intended." *Belcher v. State*, 299 S.W.3d 294, 296 (Mo. banc 2009). The term "rebuttable presumption" is understood at common law to be a mandatory presumption, rather than permissive inference, that requires the other party to produce sufficient evidence to rebut. *See Deck v. Teasley*, 322 S.W.3d 536, 549-50 (Mo. banc 2010); *State ex rel. Cook v. Saynes*, 713 S.W.2d 258, 261-62 (Mo. banc 1986); *Stafford v. Great S. Bank*, 417 S.W.3d 370, 376-77 (Mo. App. 2014); *Berra v. Danter*, 299 S.W.3d 690, 697 (Mo. App. 2009); *State ex rel. Heidelberg v. Holden*, 98 S.W.3d 116, 119 (Mo. App. 2003).

Rebuttable presumptions in civil cases are generally permitted. *See Deck*, 322 S.W.3d at 549-50; 2 Kenneth S. Broun, McCormicks on Evidence section 345 (7th ed. 2013). Prosecutions for municipal ordinance violations are civil proceedings with quasi-criminal aspects. *State ex rel. Kansas City v. Meyers*, 513 S.W.2d 414, 416 (Mo. banc 1974). The quasi-criminal aspect is apparent in the way Rule 37, which governs ordinance violations, mirrors the rules governing criminal proceedings. For example, the rules use the terms commonly associated with criminal cases, such as "prosecutor," "arraignment," and "plea." Rules 37.34, 37.48 and 37.58. The notice of violation must state facts supporting a finding of probable cause to believe the accused violated the ordinance. Rule 37.33. The accused has a right to counsel and, in some circumstances, the right to be appointed counsel. Rule 37.50. Moreover, because of the quasi-criminal nature of ordinance violations, the burden is on the city "to produce evidence of such a

convincing nature as to convince the trier of facts that defendant was guilty of the offense charged beyond a reasonable doubt." *City of Kansas City v. Oxley*, 579 S.W.2d 113, 114 (Mo. banc 1979) (internal quotations omitted); *City of Kansas City v. Tyson*, 169 S.W.3d 927, 928 (Mo. App. 2005).

This Court is further guided by its previous analysis of a parking ordinance in *City of Kansas City v. Hertz Corp.*, 499 S.W.2d 449 (Mo. 1973). In deciding whether a parking ordinance imposing strict liability on the owner violated due process,[10] this Court considered relevant that the maximum penalty was a "relatively small fine," that there was no potential incarceration, and that the penalty had no effect on the owner's driver's license or insurance cost. *Id.* at 453. Such factors are also relevant in determining whether criminal law regarding presumptions applies to a municipal ordinance. Specifically, the penalty for violating ordinance 66868 is $100. While the Court in *Hertz* did not identify what it considered a "relatively small fine," it relied on a case involving a $20 fine. For many, a $100 fine is not considered small. Further, a violation of ordinance 66868 will affect the owner's driver's license because running a red light is a moving violation that requires the assessment of two points. *See Roeder v. City of St. Peters*, __ S.W.3d __ (slip op. at 13). These factors, as well as the quasi-criminal nature

---

[10] The Court distinguished the parking ordinance from one like ordinance 66868 that imposes liability on the driver and contains a rebuttable presumption that the owner was the driver. *Hertz*, 499 S.W.2d 449 at 452.

16

of municipal ordinance proceedings, lead this Court to apply the law regarding presumptions in criminal cases.[11]

The rules regarding presumptions in criminal cases are more restrictive because an evidentiary device such as a presumption or inference "must not undermine the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." *Allen*, 442 U.S. at 156. Specifically, in *Sandstrom v. Montana*, the United States Supreme Court held unconstitutional mandatory rebuttable presumptions that have the effect of shifting the burden of persuasion to the defendant on an element of the crime charged because it violates the accused's due process right to have the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged. 442 U.S. at 517-18.

In its brief, the city characterizes the rebuttable presumption in ordinance 66868 as shifting the burden of production, rather than the burden of persuasion. The Supreme Court has not expressly ruled whether a presumption shifting only the burden of

---

[11] In *City of St. Louis v. Cook*, this Court interpreted a parking ordinance under which the presence of a motor vehicle in a prohibited zone would constitute "prima facie evidence" that the registered owner of the vehicle parked the vehicle and found the ordinance merely shifted the burden of production onto the defendant. 221 S.W.2d 468, 468-69 (Mo. 1949). The Court found such a presumption was permissible so long as there was a rational connection between the fact proven and ultimate fact presumed. *Id.* at 470. In doing so, the Court relied on criminal and civil cases applying that standard. *Id.* (citing *Mobile, Jackson & Kansas City R.R. Co. v. Turnipseed*, 219 U.S. 35 (1910), and *Yee Hem v. United States*, 268 U.S. 178 (1925)). Because this Court ultimately finds ordinance 66868 shifts the burden of persuasion, *Cook* does not control, and it not necessary to determine whether criminal law regarding presumptions applies to a parking ordinance. Like in *Hertz*, however, the Court in *Cook* emphasized that the fee for the parking violation was nominal, whereas the fee imposed by ordinance 66868 is not. *See id.* at 468-69.

17

production is constitutional. In *Sandstrom*, however, the Supreme Court noted that the burden of production "is significantly different for the defendant and prosecution." *Id.* at 516 n.5. "When the prosecution fails to meet [the burden], a directed verdict in favor of the defense results. Such a consequence is not possible upon a defendant's failure, however, as verdicts may not be directed against defendants in criminal cases." *Id.*

In any event, the Court disagrees with the city's contention that the rebuttable presumption in ordinance 66868 operates to shift only the burden of production. The language of the provision containing the rebuttable presumption does not indicate what is sufficient to overcome the presumption, but this Court will consider other provisions in the ordinance to ascertain the meaning of the rebuttable presumption. *See Union Elec. Co. v. Dir. of Revenue*, 425 S.W.3d 118, 122 (Mo. banc 2014). Ordinance 66868 requires that a summons and violation notice be sent to the owner of the motor vehicle without any attempt to determine if the owner was the driver. The ordinance further dictates that the notice shall state:

> [I]f at the time and place of the violation, the motor vehicle was being operated by a person other than the Owner, or the vehicle or the license plate captured by the Automated Traffic Control System Record was stolen, the Owner may submit information to that effect by affidavit, on a form provided by the City, prior to the municipal court proceeding, or under oath at the municipal court proceeding. *If an Owner furnishes satisfactory evidence* pursuant to this paragraph, *the City Court* or City Counselor's office *may terminate the prosecution* of the citation issued to the Owner. . ..

(Emphasis added).

This provision of ordinance 66868 contemplates that the municipal division of the circuit court would terminate proceedings if the owner of the motor vehicle proves that

18

the owner was not the driver. It demonstrates the city's intent to enact an ordinance creating a rebuttable presumption that shifts the burden of persuasion, requiring the owner to prove to the factfinder – the municipal division in this case – that he or she was not operating the vehicle at the time of the violation. The presumption relieves the prosecution from proving an element of the violation charged beyond a reasonable doubt and is impermissible under *Sandstrom*, 442 U.S. at 517-18. Therefore, this Court finds ordinance 66868 is unconstitutional because it creates a mandatory rebuttable presumption that shifts the burden of persuasion onto the defendant.[12] *See also State v. Kuhlman*, 729 N.W.2d 577, 583-84 (Minn. 2007) (finding red light camera ordinance requiring owner to rebut presumption that he or she was the driver was unconstitutional). Because this Court affirms the circuit court's judgment on this basis, it need not consider the city's other points on appeal.

### Ms. Tupper and Ms. Thurmond's Appeal

Ms. Tupper and Ms. Thurmond appeal the circuit court's judgment, asserting the court erred in overruling their motion for attorney's fees. "Where the award of attorneys' fees is not mandatory, the granting or refusal to grant attorneys' fees by the trial judge is primarily discretionary and will not be disturbed absent the showing of an abuse of discretion." *Lapponese v. Carts of Colorado, Inc.*, 422 S.W.3d 396, 401 (Mo. App. 2013) (internal quotations omitted).

---

[12] A rebuttable presumption like the one in ordinance 66868 is not required to enforce a red light camera ordinance. For instance, if the red light camera system took photographs of the driver, like the one at issue in *Roeder*, __S.W.3d__, the city could use the photographs to prove the identity of the driver.

19

Missouri follows the "American Rule" regarding attorney's fees, which provides that, absent statutory authorization or contractual agreement, each party bears the expense of his or her own attorney's fees. *David Ranken, Jr. Technical Institute v. Boykins*, 816 S.W.2d 189, 193 (Mo. banc 1991), *overruled on other grounds by Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907 (Mo. banc 1997). An exception to this rule exists in cases involving "special circumstances," such as "[w]here the natural and proximate result of a wrong . . . is to involve the wronged party in collateral ligation." *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009). Ms. Tupper and Ms. Thurmond assert that they had to incur reasonable attorney's fees in this declaratory judgment action to challenge the city's wrongful continued enforcement of ordinance 66868.

To the contrary, Ms. Tupper and Ms. Thurmond filed their petition in this case while the municipal division proceedings on the ordinance violation were pending. They could have raised these claims as defenses in that action, *see Roeder*, __S.W.3d__, without having to incur attorney's fees in a separate action.

Ms. Tupper and Ms. Thurmond also contend the city's continued enforcement of ordinance 66868 after decisions from the court of appeals invalidated similar ordinances constituted intentional misconduct. Intentional misconduct is a "special circumstance" that may justify an award of attorney's fees. *O'Riley v. U.S. Bank, N.A.*, 412 S.W.3d 400, 419 (Mo. App. 2013). Ms. Tupper and Ms. Thurmond, however, fail to show the city engaged in intentional misconduct to justify an award of attorney's fees.

By the time Ms. Tupper and Ms. Thurmond filed their petition in this case, the court of appeals had considered the validity of similar red light ordinances in *Smith*, 409 S.W.3d 404; *Unverferth v. City of Florissant*, 419 S.W.3d 76 (Mo. App. 2013); *Ballard v. City of Creve Coeur*, 419 S.W.3d 109 (Mo. App. 2013); and *Edwards v. City of Ellisville*. 426 S.W.3d 644 (Mo. App. 2013). In *Smith*, the court of appeals held the ordinance was invalid as applied because the notice of violation did not inform the recipient that he or she could respond by pleading not guilty and appearing at trial. 409 S.W.3d at 413. After *Smith* was decided, the city revised its notice of violation form to add language stating that the recipient may enter a plea of not guilty and request a trial, and the city dismissed all pending prosecutions for violations of ordinance 66868 involving the notice of violation at issue in *Smith*. The city again revised its notice of violation form to add a court date in the initial notice, rather than the supplemental notice.

In *Unverferth*, the court of appeals held that the trial court erred in dismissing a claim that Florissant's red light camera ordinance was not enacted with proper authority because the ordinance was part of a revenue-generating scheme and erred in dismissing due process claims regarding the notice. 419 S.W.3d at 84. While the court of appeals found the plaintiffs had pleaded sufficient facts to overcome a motion to dismiss on those two claims, it remanded the case for further discovery and fact-finding on those issues. *Id.* Similarly, the court of appeals in *Ballard* found sufficient facts pleaded to overcome a motion to dismiss a claim that Creve Coeur's red light camera ordinance was not properly enacted pursuant to its police power and remanded the case for further

proceedings. 419 S.W.3d at 113. Neither *Unverferth* nor *Ballard* held that the respective red light camera ordinances at issue were actually invalid.

Lastly, in *Edwards*, the court of appeals found the plaintiffs would be entitled to further discovery on their claim that Ellisville's red light camera ordinance was part of a revenue-generating scheme but did not remand for further discovery because it found the ordinance invalid for imposing strict liability on owners of motor vehicles when state law prohibiting running red lights regulates the conduct of only drivers and pedestrians. 426 S.W.3d at 650, 662-63. Without deciding whether *Edwards* was correctly decided, this Court finds the city could have properly distinguished ordinance 66868 from the one found to be invalid in *Edwards* because the ordinance in *Edwards* imposes strict liability on the owner of the motor vehicle, while ordinance 66868 places liability on the driver and contains a rebuttable presumption that the owner was the driver.

By revising its notice-of-violation form after *Smith*, the city did not engage in intentional misconduct, notwithstanding decisions of the court of appeals. Ms. Tupper and Ms. Thurmond fail to show they fall within an exception to the rule requiring each party pay his or her own attorney's fees, and the circuit court did not abuse its discretion in overruling Ms. Tupper and Ms. Thurmond's motion for attorney's fees.

## Director of Revenue's Appeal

Lastly, the director of revenue appeals the circuit court's judgment, asserting the court erred in overruling the director of revenue's motion to dismiss on the basis that Ms. Tupper and Ms. Thurmond did not seek relief from or allege remediable injury caused by the director. "The right to appeal is purely statutory and, where a statute does

22

not give a right to appeal, no right exists." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011) (internal quotations omitted). Section 512.020, RSMo Supp. 2013, provides a right to appeal a final judgment to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings." A party is aggrieved by a judgment when the judgment appealed will "operate directly and prejudicially on the party's personal or property rights or interests with immediate effect." *Lane v. Lensmeyer*, 158 S.W.3d 218, 224 n.10 (Mo. banc 2005) (internal quotations omitted).

In its initial judgment, the circuit court prohibited the city from enforcing ordinance 66868. The court subsequently amended its judgment to state that "the relief requested in the Petition, as amended, with respect to all named Respondents other than the City of St. Louis is hereby DENIED." While the circuit court overruled the director of revenue's motion to dismiss, it denied Ms. Tupper and Ms. Thurmond's claims against him. The director of revenue fails to show that he was aggrieved by the circuit court's judgment. Moreover, the director of revenue's argument that the Ms. Tupper and Ms. Thurmond sought no relief from the director of revenue seems to acknowledge that it is not adversely affected by the circuit court's judgment. Accordingly, the director of revenue does not have a right to appeal.

## Conclusion

This Court finds Ms. Tupper and Ms. Thurmond could maintain their action for declaratory judgment and injunctive relief because, after the city dismissed the prosecutions against them for the ordinance violations, they no longer had an adequate

23

legal remedy. This Court further finds ordinance 66868 is unconstitutional because it creates a rebuttable presumption that improperly shifts the burden of persuasion onto the defendant to prove that he or she was not operating the motor vehicle at the time of the violation. Nonetheless, the city's prior enforcement of the ordinance was not intentional misconduct sufficient to justify an award of attorney's fees; therefore, the circuit court did not abuse its discretion in not awarding attorney's fees. Lastly, the director of revenue does not have standing to appeal the circuit court's judgment because the circuit court denied the relief Ms. Tupper and Ms. Thurmond requested with respect to all defendants except the city. Accordingly, this Court affirms the circuit court's judgment.


_____

PATRICIA BRECKENRIDGE, CHIEF JUSTICE


Stith, Teitelman and Russell, JJ., and Prokes, Sp.J.,
concur; Draper, J., concurs in part and dissents
in part in separate opinion filed; Stith, J., concurs
in opinion of Draper, J.; Wilson, J., dissents in
separate opinion filed. Fischer, J., not participating.



# SUPREME COURT OF MISSOURI
## en banc

SARAH TUPPER, *et al*.,      )
     )
     Respondents/Cross-Appellants,   )
     )
v.      )     No. SC94212
     )
CITY OF ST. LOUIS, *et al*.,      )
     )
     Appellants/Cross-Respondents.   )

### OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur with the principal opinion's holding, except to the extent footnote 12 assumes the validity of the red light camera ordinance in *City of St. Peters v. Bonnie A. Roeder*, -- S.W.3d -- (No. SC94379) (Mo. banc 2015). In *Roeder*, I wrote separately to express my belief that the ordinance therein contains an implied rebuttable presumption as applied, rendering the ordinance invalid on the same grounds as those expressed in the principal opinion here. Accordingly, I concur in part and dissent in part.

_____
GEORGE W. DRAPER III, JUDGE



# SUPREME COURT OF MISSOURI
## en banc

SARAH TUPPER, *et al*.,      )
     )
     Respondents/Cross-Appellants,      )
     )
v.      )      No. SC94212
     )
CITY OF ST. LOUIS, *et al*.,      )
     )
     Appellants/Cross-Respondents.      )

## DISSENTING OPINION

Plaintiffs Sarah Tupper and Sandra Thurmond are not entitled to bring this declaratory judgment action. They each had an adequate remedy at law because they could have raised their claims in response to the City's prosecutions in the municipal division of the circuit court. *Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. banc 2011). The principal opinion seeks to avoid the controlling effect of *Schaefer* by noting that the City dismissed Plaintiffs' prosecutions. I disagree.

It is true that, when the City dismissed those cases, Plaintiffs lost their adequate remedies at law. But the City's dismissals also removed any "justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation[.]" *Missouri Soybean Ass'n v. Missouri Clean Water Com'n*, 102 S.W.3d 10, 25 (Mo. banc 2003) (internal quotations omitted). If the City reinstitutes a prosecution against one or both

for these same violations, they will be entitled to assert their defenses there. If not, there is no "presently-existing controversy" between them and the City that requires (and is subject to) specific declaratory relief. Accordingly, Plaintiffs' petition for declaratory judgment should be dismissed.

*Foster v. State*, 352 S.W.3d 357, 360 (Mo. banc 2011), cited by the principal opinion, confirms this conclusion. There, this Court held that a pre-enforcement declaratory judgment action was not sufficiently factually developed and, therefore, not ripe for adjudication, where the plaintiff had not alleged that he would engage in conduct that could trigger enforcement of the act in the future. The same is true here: Tupper has alleged no plans to run red lights in the future and can claim no legal entitlement to do so. Like *Foster*, this case is not one in which "(1) 'the facts necessary to adjudicate the underlying claims [are] fully developed' and (2) 'the laws at issue [are] affecting the plaintiffs in a manner that [gives] rise to an immediate, concrete dispute.'" *Foster*, 352 S.W.3d at 360; Principal Opinion at 12.

To avoid application of this well-settled law, the principal opinion cites *State ex rel. Eagleton v. McQueen*, 378 S.W.2d 449, 452 (Mo. banc 1964), and *Sta-Whip Sales Co. v. City of St. Louis*, 307 S.W.2d 495, 498 (Mo. 1957). Neither is relevant here. *McQueen* involved an unconstitutional chilling effect on protected conduct. *McQueen*, 378 S.W.2d at 452. In *Sta-Whip*, too, the plaintiff needed declaratory relief because there was a "very real dispute going to the right of appellant to maintain its business as in the past[.]" *Sta-Whip*, 307 S.W.2d at 498. Plaintiffs do not claim a right to engage in traffic violations in the future. Instead, their claims relate solely to the City's ability to

2

prosecute their past violations.  Such claims do not warrant declaratory judgment under *McQueen* or *Sta-Whip* and should be dismissed under *Schaefer*.

Plaintiffs will not be prejudiced by dismissal of this action.  If the City prosecutes them for alleged violations in the past, Plaintiffs will be able to assert their claims in defense of those prosecutions.  If the City foregoes further prosecution, Plaintiffs have no need for a declaratory judgment because they have no presently existing controversy with the City.  Either way, they are not entitled to maintain this present action.

_____

Paul C. Wilson, Judge

3