LAURA DENVIR STITH, JUDGE,
concurring in part and in result and concurring in dissenting opinion of Judge Draper
I concur with the principal opinion’s analysis in which it explains that the portion of St. Peters city ordinance 4536 that states that no points will be assessed for its violation conflicts with section 302.302.1, RSMo Supp. 2012, which requires that two points be assessed for moving violations. I also concur in the principal opinion’s result. In fact, I concur in all of the principal opinion other than the dicta in its final footnote in which it disagrees with Judge Draper’s dissenting opinion stating that St. Peters sub silencio creates a rebuttable presumption that the owner of the vehicle is the driver.
The principal opinion recognizes that the notice sent by the city expressly states that the burden is on the owner to prove that the owner was not the driver. But, the principal opinion says that this does not constitute a rebuttable presumption because it occurs in the notice and the ordinance itself does not expressly require a similar reversal of the proper burden of proof at trial.
Certainly the principal opinion is correct that rules of evidence apply only at trial. But, if the ordinance creates a rebuttable presumption that will apply at trial to shift the burden of proof to the defendant, or reasonably can be read to do so, then to that extent it violates due process and is invalid. That is what I believe to be the case here. As the principal opinion itself notes, the ordinance makes it an offense if a person “fails to comply with the City Traffic Code and the violation is detected through the automated red light enforcement system,” St. Peters City Ordinance 4536, and the city’s traffic code states, “The driver of any vehicle shall obey the instructions of any official traffic control device.” St. Peters Code § 315.030. To this point, the ordinance does not appear to shift the burden of proof. But, the ordinance nowhere provides that a notice of violation must be sent to the driver of the vehicle, or otherwise requires any ef *551 fort by the officer or city to identify the driver. Instead, the ordinance provides that if the officer viewing the photograph of the violation finds that the photograph “shows a violation” then the officer “may use any lawful means to identify the vehicle’s owner” and a summons will issue to that oimer. St. Peters City Ordinance 4.536. The ordinance requires the summons to be accompanied by “a copy of the violation notice ... instructions and information regarding the viewing of the recorded image ... a statement that the recorded image iuill be submitted as evidence in the Municipal Court proceeding for prosecution of the violation of the applicable Section of the City Traffic Code.” Id. (Emphasis added).
By stating that the driver shall obey the city’s traffic control device — the red light — and that failure to do so is a violation, and by then providing that notice of the violation should be sent to the owner, the ordinance necessarily assumes and is premised on the owner being the driver. In fact, it nowhere provides a mechanism for summoning a nonowner driver. And, the ordinance provides that evidence of the violation will be presented against the owner at trial. While the ordinance does not state expressly that it is the owner’s burden to prove that he or she is not the driver, that clearly is how the city reads the ordinance, for that is what the city’s notice states. The notice provides that the owner must pay the fine unless the owner shows that he or she was not the driver and identifies the driver or shows he or she falls within the other identified exceptions to owner liability.
While the notice makes express what is only implicit in ordinance 4536, the lack of an express requirement in the ordinance that any summons or notice be sent to the driver, combined with the ordinance’s provision that the photographic evidence will be presented against the owner at trial, create the impression that it is ownership that will create the basis for liability at trial. This is because it would be nonsensical to require that a notice be sent only to the owner, and to nowhere require that notice be given to the driver, were the owner not presumptively the driver under the ordinance. Whether or not the ordi-. nance thereby technically includes an implicit rebuttable presumption comparable to the explicit rebuttable presumption invalidated in Tupper v. City of St. Louis, 468 S.W.3d 360, 2015 WL 4930313 (Mo. banc 2015) (No. SC94212), it is misleading to the citizens affected by it in that it creates the impression, if not the reality, that it is their burden to prove that they were not the driver and the ordinance should be invalidated on this basis also.
For these reasons, I concur in the dissenting opinion of Judge Draper on this issue.